UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**JUAN CARLOS GINARTE**
4000 Tunlaw Rd., NW
Apt. 325
Washington, DC 20007

       Plaintiff,

       v.                     Civil Action No. _____

**MICHAEL CHERTOFF**
**Secretary of Homeland Security**
U.S. Department of Homeland Security
Washington, D.C. 20528
       Defendant.
_____/

**COMPLAINT FOR DECLARATORY JUDGMENT,
INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEYS' FEES**

COME NOW the Plaintiff, Juan Carlos Ginarte, by and through his attorneys, Jonathan L. Katz, and the law firm of Marks & Katz, LLC, and represents to this honorable Court as follows:

**I. NATURE OF ACTION**

1.     This is an action to compel the disclosure of material sought under the Freedom of Information Act, Privacy Act, and all other applicable laws.

**II. JURISDICTION AND VENUE**

2.     This action is brought pursuant to 5 U.S.C. § 552 and 5 U.S.C. § 552(a)(4)(B) to enjoin and order the United States Department of Homeland Security ("DHS") to produce DHS records improperly withheld from Plaintiff.

3.     Jurisdiction in this Court is conferred by 5 U.S.C. § 552(a)(4)(B), which confers this Court with the authority to enjoin agencies from withholding agency records improperly withheld under the Freedom of Information Act ("FOIA").

4.     Venue in this Court is conferred by 5 U.S.C. § 552(a)(4)(B), which provides that a

complaint thereunder be filed in the district in which the complainant resides (Plaintiff resides in the District of Columbia), or has his principal place of business, or in which the agency records are situated.

### III.  PARTIES

5. Plaintiff JUAN CARLOS GINARTE (hereinafter "Ginarte"), is a District of Columbia resident, living at 4000 Tunlaw Rd., NW, Apt. 325, Washington, DC 20007

6. Defendant MICHAEL CHERTOFF is the Secretary of State of the United States.

### IV.  ALLEGATIONS

7. On June 6, 2006, by certified mail, Plaintiff sent the DHS a FOIA Request and Privacy Act Waiver requesting all documents relating to Plaintiff. DHS received said FOIA Request and Privacy Act Waiver on June 7, 2006, as confirmed by United States Postal Service records.

8. DHS's first reply to Plaintiff's FOIA request is a letter dated June 15, 2006, from Catherine M. Papoi, seeking more information about Plaintiff's FOIA request. The letter improperly is addressed to Plaintiff at his residence, even though the FOIA request was sent by undersigned counsel on Plaintiff's behalf. Said letter assigns a reference number of DHS/OS/PO 06-684/Ginarte request.

9. By letter dated July 5, 2006, sent by certified mail, Plaintiff, through undersigned counsel, advise DHS to send all correspondence to undersigned counsel, reconfirmed that Plaintiff fully was pursuing his FOIA request, and provided such additional information as confirming that Plaintiff's FOIA search applies to the following DHS components: (1) Office of Intelligence and Analysis; (2) Transportation Security Administration; (3) United States Secret Service; and (4) Office of Operations Coordination.

10. By letter dated July 10, 2006, DHS's Catherine Papoi confirmed her receipt of Plaintiff's July 5, 2006, letter referenced in ¶ 9 herein, and confirmed that she was forwarding Plaintiff's request to all four DHS components listed in said July 5, 2006, letter.

11. By letter dated July 18, 2006, Donna Sealing of DHS's Preparedness Directorate

stated that the FOIA request would be processed "as soon as we can." She assigned the request a reference number of PREP06P013.

12. By letter dated August 31, 2006, Sandy Ford of the Preparedness Directorate of the DHS stated that "After a thorough search of the Office of Operations Coordination and the Office of Intelligence Analysis files, no records responsive to your request were identified." Although Plaintiff filed an administrative appeal to Ms. Ford's August 31 letter, Plaintiff's appeal letter clearly stated that he had already exhausted all administrative remedies and that filing the administrative appeal was without prejudice to his right to file a lawsuit now.

13. By letter dated September 7, 2006, the DHS's Catrina Pavlik of the Transportation Security Administration asserts that a Ms. Lemons and a Mr. Law of her staff attempted to phone and e-mail undersigned counsel about Plaintiff's FOIA request through messages on August 4, 7 and 10, and an e-mail on September 1, seeking additional information. Ms. Pavlik's letter uses a FOIA case number of TSA06-0858. However, (a) the FOIA does not contemplate the informality of phone calls and e-mails rather than standard first-class mail to clarify FOIA requests and (b) by the time the first of the asserted phone calls and e-mails started (August 4), Plaintiff had already exhausted his administrative remedies, as detailed in ¶ 15, below.

14. Even though the DHS's June 15, 2006, letter, invited Plaintiff to specify the DHS components to which his FOIA request applied, and even though his July 5, 2006, letter confirmed that his FOIA request included the Secret Service, Plaintiff has never received any reply from the Secret Service.

15. Plaintiff has exhausted his administrative remedies, in that the DHS failed to comply with the applicable time limit provisions of the Freedom of Information Act, at 5 U.S.C. § 552(a)(6)(A), which requires the DHS to determine within twenty business days after the receipt of a FOIA request whether to comply with such request and to immediately notify the requestor of such determination and

the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination.  5 U.S.C. § 552(a)(6)(C)(i),

## COUNT I

### PLAINTIFF IS ENTITLED TO THE DOCUMENTS SOUGHT IN HIS FOIA REQUEST

16    Plaintiff realleges and incorporates herein paragraphs 1 through 15 as if fully restated herein.

17.    Defendant failed to reply to Plaintiff's FOIA request within twenty business days, pursuant to 5 U.S.C. § 552(a)(6)(A). Specifically, (a) the Secret Service has provided no reply; (b) the FOIA response from the Office of Operations Coordination and the Office of Intelligence Analysis is dated August 31, 2006, which is over two months after Defendant received Plaintiff's original FOIA request, and forty-six days after the date of the acknowledgement letter to Plaintiff from Sandy Ford of the Preparedness Directorate of the DHS; and (c) the Transportation Security Administration waited until September 7, 2006 (nearly two months after DHS's Catherine Papoi confirmed her receipt of Plaintiff's July 5, 2006, letter referenced in ¶ 9 herein, and confirmed that she was forwarding Plaintiff's request to all four DHS components listed in said July 5, 2006, letter.).

18.    . Plaintiff is entitled to obtain the documents sought in his FOIA request, pursuant to 5 U.S.C. § 552(a)(3)(A), which provides for each agency to make records promptly available to any person reasonably describing such records.

19.    Defendant did not sufficiently and reasonably search for all documents requested by Plaintiff.

## COUNT II

20.    Plaintiff realleges and incorporate herein paragraphs 1 through 19 as if fully restated herein.

4

21. Defendants have wrongfully withheld the documents sought in Plaintiff's above-described FOIA request.

22. In his legitimate desire to pursue the rights and privileges guaranteed by the laws of the United States, Plaintiff has employed the undersigned attorneys to prosecute this action and has agreed to pay them a reasonable fee for same.

23. Accordingly, Plaintiff is entitled to an award of attorney's fees as provided for by 5 U.S.C. § 552(a)(4)(E), and by all other applicable provisions of law.

**WHEREFORE**, Plaintiff respectfully requests that this Court GRANT the following relief:

a) A declaration that Defendants have improperly withheld the documents sought in his FOIA request described above;

b) An immediate hearing on this Complaint;

c) An Order that the Defendants forthwith provide the documents sought in Plaintiff's FOIA request;

d) An award of any and all attorney's fees and costs as authorized by law;

e) An award of all appropriate damages established by Plaintiff; and

f) Such other and further relief as this Court deems fit, just, and equitable.

Dated: December 4 , 2006                    Respectfully submitted,

**MARKS & KATZ, L.L.C.**

__/s/_____
Jonathan L. Katz
DC Bar No. 425-615
1400 Spring St., Suite 410
Silver Spring, MD 20910
(301) 495-4300
Fax: (301) 495-8815
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

The Plaintiff respectfully demands a jury trial on all issues so triable.

__/s/_____
Jonathan L. Katz

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JUAN CARLOS GINARTE | MICHAEL CHERTOFF |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jonathan L. Katz, 1400 Spring St., No. 410, Silver Spring, MD 20910, (301) 495-4300

ATTORNEYS (IF KNOWN)

Not known.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*    OR    ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. **Habeas Corpus/ 2255**<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. **Employment Discrimination**<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. **FOIA/PRIVACY ACT**<br><br>☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. **Student Loan**<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. **Labor/ERISA (non-employment)**<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. **Other Civil Rights (non-employment)**<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. **Contract**<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. **Three-Judge Court**<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 U.S.C. § 552

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE Dec. 4, 2006    SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.