## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN CARLOS GINARTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  1:06CV02075 (HHK) |
| ) | |
| MICHAEL CHERTOFF, ) | |
| Secretary of Homeland Security, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Defendant moves, pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's complaint and, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56(c).  The Court is respectfully referred to the attached statement of materials facts not in dispute, memorandum of points and authorities and the attached supporting documents.  A proposed order is attached.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUAN CARLOS GINARTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:06CV02075 (HHK) |
| | ) | |
| MICHAEL CHERTOFF, | ) | |
| Secretary of Homeland Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS
## OR FOR SUMMARY JUDGMENT

### INTRODUCTION

By letter dated June 5, 2006, plaintiff Juan Carlos Ginarte, through his counsel, sought information from the Department of Homeland Security ("DHS") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Plaintiff's request sought all documents relating to him maintained by four components of DHS, *i.e.*, the Office of Intelligence and Analysis; (2) Transportation Security Administration; (3) the U.S. Secret Service, and 4) the Office of Operations Coordination. Declaration of Catherine M. Papoi, DHS' Deputy Chief FOIA and Director of the Departmental Disclosure ("Papoi Decl."), attached hereto as Ex. A, ¶ 6.  On December 4, 2006, plaintiff filed his Complaint in this action alleging that Defendant, Secretary of the Department of Homeland Security Michael Chertoff failed to meet his obligations under FOIA, and seeking judicial relief. R. 1.

DHS hereby moves to dismiss plaintiff's claims under FOIA and/or obtain summary judgment.  As fully explained in the Argument section below, this Court lacks subject matter

jurisdiction over plaintiff's claims because he failed to properly exhaust his administrative

remedies with respect to his FOIA requests to the United States Secret Service ("Secret

Service") and the DHS Directorate of Preparedness ("PREP"), and he failed to perfect his FOIA

request to the Transportation Security Administration ("TSA").  In addition, the Secret Service

and PREP responded to plaintiff's FOIA request, and neither improperly withheld records from

plaintiff.  Accordingly, plaintiff is not entitled to relief on his FOIA claims, and plaintiff's claims

should be dismissed or summary judgment entered in DHS's favor.[1]

## BACKGROUND

The Court is respectfully referred to that attached Statement of Material Facts Not in

Dispute.  Briefly stated, on June 6, 2006, plaintiff, through counsel, submitted a FOIA request to

the DHS seeking:

> [a]ll documents relating to me, Juan Carlos Ginarte (my address is listed on my
> attached Privacy Act Waiver), including, but not limited to, all documents in any files
> maintained with my name, all material in any format (e.g., electronic, video,
> audiovisual or otherwise), and any references to me, whether or not they appear in
> any file kept with his name.

Compl. ¶ 7; see also Papoi Decl. at Ex. A, ¶ 6;[2] Declaration of Kathy J. Lyerly, Special Agent in

Charge of the Capitol Hill and Interagency Liaison and FOIA/PA Officer, U.S. Secret Service,

DHS ("Lyerly Decl."), attached as Ex. B, ¶ 5; Declaration of Kevin Janet, FOIA Officer,

Transportation Security Administration ("TSA"), DHS ("Janet Decl."), attached as Ex. C, ¶ 6.

---

[1] Moreover, defendant notes that the Court's jurisdiction under FOIA is limited to adjudicating
agency noncompliance, 5 U.S.C. § 552(a)(4)(B).  The appropriate defendant to a FOIA claim,
accordingly, is the agency, and not any individual defendant.  5 U.S.C. § 552(f)(1) (defining
"agency"); see also Whittle v. Moschella, 756 F. Supp. 589, 596 (D.D.C. 1991).  Should plaintiff
not amend his complaint in this case to reflect the proper defendant, this failure will serve as an
additional ground for ruling in defendant's favor in this case.

[2] Certain information on exhibits attached to defendant's declarations (such as plaintiff's home
address, date of birth, and phone number), has been redacted from the copy filed with the Court
to protect plaintiff's privacy interests.  Plaintiff has unredacted versions of these exhibits.

The Department of Homeland Security's FOIA Office acknowledged plaintiff's FOIA request by letter dated June 15, 2006, and advised plaintiff that based on the limited amount of information provided, an adequate search for the records could not be conducted.  Papoi Decl. ¶ 8.  Further, the letter informed plaintiff that he had 60 days in which to provide additional clarification or his request would be administratively closed.  Id.  Plaintiff provided additional information by letter dated July 5, 2006.  Id. at ¶ 9.  The letter amended plaintiff's request and sought all records relating to plaintiff created from DHS's 2003 creation to the present and in the possession of the following DHS components:  United States Secret Service; Office of Intelligence and Analysis; Office of Operations Coordination; and the Transportation Security Administration.  Id.  Upon receipt of this amended request, DHS referred the request to the named components.  Id. at ¶ 10.  Each component was instructed by transfer memorandum dated July 10, 2006, to process the request independently and respond directly to plaintiff.  Id.  Plaintiff was informed of the referrals by letter dated July 10, 2006.  Id.

The Secret Service received plaintiff's amended FOIA request from the DHS Office of Departmental Disclosure on July 17, 2006.  Lyerly Decl. ¶ 5.  Acknowledgment of the Secret Service's receipt of the request was sent by letter dated August 2, 2006.  Id. ¶ 6.  By letter dated November 20, 2006, the Secret Service responded to plaintiff's FOIA request by advising him that after a thorough search the agency had determined it maintained no records concerning him.  Lyerly Decl. at ¶ 8.  Further, the letter informed plaintiff that he had the right to file an administrative appeal.  Id.  No appeal was filed.  Id.

PREP, which handled the request to the Office of Intelligence and Analysis and the Office of Operations Coordination, received plaintiff's request for records from the DHS Office of Departmental Disclosure on July 12, 2006.  Declaration of Evelyn M. Ford Page, Director,

Disclosure Office of DHS PREP ("Ford Page Decl."), attached as Ex. D, ¶ 6.  By letter dated July 18, 2006, PREP acknowledged that it had received plaintiff's request and had assigned it tracking number PREP06P013.  Id.   On August 31, 2006, PREP responded to plaintiff's request and advised him that after "a thorough search of the Office of Operations Coordination and the Office of Intelligence and Analysis files, no records responsive to your request were identified." Id. ¶ 7.  This letter further advised plaintiff that he was entitled to file an administrative appeal within 60 days.  Id.  No appeal was filed.  Id. See also Declaration of Megan Gemunder ("Gemunder Decl."), attached as Ex. E, ¶ 8.

TSA received plaintiff's amended FOIA request from the DHS Office of Departmental Disclosure on August 1, 2006.  Janet Decl. ¶ 6.  By letter dated August 2, 2006, TSA acknowledged receipt of the FOIA request with a letter to plaintiff, through his attorney, and assigned it identification number TSA06-0858.  Id.  On August 4, 2006, TSA attempted to contact plaintiff's attorney, seeking clarification of the FOIA request because its breadth did not provide sufficient information to conduct an adequate search.  Id. ¶ 8.  Since plaintiff's attorney was unavailable, a message was left with his office asking that he please contact TSA's FOIA Office.  Id.  A follow-up phone call was made on August 10, 2006, and a voice message was left, again asking that plaintiff's attorney contact TSA in order to clarify the request so that it reasonably described the records being sought.  Id.  After receiving no response to the telephone messages, TSA contacted plaintiff's attorney on September 1, 2006, via email and reiterated that TSA could not process the FOIA request without further clarification of which records were being sought by plaintiff.  Id. ¶ 9.  Further, the email message stated that if TSA did not receive a response by September 7, 2006, it would assume plaintiff was no longer interested in pursuing

his FOIA request with the agency.[3]  Id.  When TSA did not receive a response by September, 7,

2006, the FOIA request was administratively closed.  Id. ¶ 10.  By letter dated September 7,

2006, TSA informed plaintiff that the FOIA request had been closed.  Id.

## ARGUMENT

## I.    STANDARD OF REVIEW

### A.    Motion To Dismiss

Fed. R. Civ. P. 12(b)(6) provides: "[A] complaint should not be dismissed for failure to

state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support

of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); Thomas v. City Lights

School, Inc., et al., 124 F.Supp.2d 707, 708 (D.D.C. 2000) (quoting Conley v. Gibson, 355 U.S.

41, 45-46 (1957)); Hishon v. King and Spaulding, 467 U.S. 69, 73, (1984).  Plaintiff's factual

allegations must be accepted as true when reviewing the adequacy of the complaint pursuant to

Rule 12(b)(6). Hill v. City of New York, 45 F.3d 653, 657 (2d Cir. 1995).  A Rule 12(b)(6)

motion may be converted into a summary judgment motion pursuant to Fed. R. Civ. P. 56 when

matters outside the pleadings are considered.  While the plaintiff need not plead the elements of

a prima facie case in the pleadings, the plaintiff carries the burden of alleging a set of facts upon

which relief can be granted.  Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

### B.    Summary Judgment

Summary judgment should be granted if the movant has shown, when the facts are

viewed in the light most favorable to the nonmovant, that there are no genuine issues of material

fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); see

---

[3] Despite plaintiff's allegation in his complaint that FOIA "does not contemplate the informality of phone calls and e-mails rather than standard first-class mail to clarify FOIA requests," neither the FOIA nor DHS's FOIA regulations require that first-class mail be the exclusive means of communication between an agency and requester.  See 5 U.S.C. § 552; 6 C.F.R. Part 5.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986); Greene v. Dalton, 164 F.3d 671, 674
(D.C. Cir. 1999).  A party opposing a motion for summary judgment "may not rest upon the
mere allegations or denials of his pleading, but . . . must set forth specific facts showing that
there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1985)
(quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288 (1968)).  In a FOIA
case, the Court may award summary judgment to an agency on the basis of information provided
in affidavits or declarations that describe "the documents and the justifications for nondisclosure
with reasonably specific detail, demonstrate that the information withheld logically falls within
the claimed exemption, and are not controverted by either contrary evidence in the record nor by
evidence of agency bad faith."  Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir.
1981); see also Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973); see also W. Ctr. for
Journalism v. Internal Revenue Service, 116 F.Supp. 2d 1, 7 (D.D.C. 2000) (citing Hayden v.
Nat'l Sec. Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979).  FOIA cases are typically and
appropriately decided on motions for summary judgment. Miscavige v. Internal Revenue
Service, 2 F.3d 366, 368 (11th Cir. 1993); Rushford v. Civiletti, 485 F.Supp. 477, 481 n. 13
(D.D.C. 1980).

## II.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION

### A.    Plaintiff Failed To Timely Appeal The FOIA Determinations of Secret Service And PREP

#### 1.    Plaintiff Failed to Exhaust his FOIA Request to the Secret Service

As noted above, Secret Service received plaintiff's amended FOIA request from the DHS
Office of Departmental Disclosure on July 17, 2006, and, by letter dated November 20, 2006,
Secret Service responded to plaintiff advising him that after a thorough search the agency had

determined it maintained no records concerning him. Lyerly Decl. at ¶¶ 5 & 8. Although plaintiff was notified in the letter of November 20, 2006, that he had the right to file an administrative appeal, he failed to do so. Id. at ¶ 8. Plaintiff's failure to file a timely administrative appeal of Secret Service's response to his FOIA request precludes judicial review. See Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 61-62 (D.C. Cir. 1990) ("Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision."); see also Wilbur v. CIA, 355 F.3d 675, 676-677 (D.C. Cir. 2004); Hidalgo v. Fed. Bureau of Investigation, 344 F.3d 1256, 1258-1259 (D.C. Cir. 2003). Accordingly, plaintiff's claim against the Secret Service should be dismissed or summary judgment entered in defendant's favor. See Elec. Privacy Info. Ctr. v. Dep't of Homeland Security, 384 F. Supp. 2d 100, 106 (D.D.C. 2005) ("A requester dissatisfied with the agency's response that no records have been found may challenge the adequacy of the agency's search by filing a lawsuit in the district court after exhausting any administrative remedies.") (quoting Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 326 (D.C. Cir. 1999) (emphasis added)); see also Martin v. Court Servs. & Offender Supervision Agency, 2005 WL 3211536 (D.D.C. 2005) (dismissing plaintiff's FOIA claims for lack of exhaustion where plaintiff failed to appeal a "no records" response); Tooley v. President George W. Bush, et al., 2006 WL 3783142 (D.D.C. 2006) (dismissing plaintiff's FOIA claims against the FBI as plaintiff failed to appeal a "no records" response).

### 2. Plaintiff Failed to Exhaust his FOIA Request to PREP

PREP, which handled the request to the Office of Intelligence and Analysis and the Office of Operations Coordination, received plaintiff's request for records from the DHS Office

of Departmental Disclosure on July 12, 2006, and on August 31, 2006, responded advising

plaintiff that after "a thorough search of the Office of Operations Coordination and the Office of

Intelligence and Analysis files, no records responsive to your request were identified." Page

Decl., ¶¶ 6-7. This response further advised plaintiff that he was entitled to file an

administrative appeal within 60 days. Id. at ¶ 7. However, no administrative appeal was filed.

Id.; see also Gemunder Decl., ¶ 8. Accordingly, plaintiff failed to file a timely administrative

appeal of PREP's final determination. He has therefore failed to exhaust his administrative

remedies with respect to the PREP claims as well as those addressed to the Secret Service and

dismissal or summary judgment is also appropriate with respect to this claim. See supra Section

A.1.; Oglesby, 920 F.2d at 61-62; Wilbur, 355 F.3d at 677; Hidalgo, 344 F.3d at 125.

     B.  Secret Service and PREP Conducted Adequate Searchs.

     To obtain summary judgment on the issue of the adequacy of the records search, an

agency must show "viewing the facts in the light most favorable to the requester, that . . . [it] has

conducted a search reasonably calculated to uncover relevant documents." Steinberg v. Dep't of

Justice, 23 F.3d 548, 552 (D.C. Cir. 1994) (citing Weisberg v. Dep't of Justice, 745 F.2d 1476,

1485 (D.C. Cir. 1984) (internal quotes omitted). To meet its burden, the agency may submit

affidavits or declarations that explain both in reasonable detail and in a non-conclusory fashion

the scope and method of the agency's search. Perry v. Block, 684 F.2d 121, 126 (D.C. Cir.

1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to

demonstrate an agency's compliance with FOIA. Id. at 127. An agency must show that it made

a "good faith effort to conduct a search for the requested records, using methods which can be

reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68; accord

Campbell v. U.S. Dep't of Justice, 164 F.3d 20, 27 (D.C. Cir. 1998). An agency's search need

not be exhaustive, merely reasonable.  See Western Ctr. For Journalism v. Internal Revenue

Serv., 116 F. Supp. 2d 1, 8 (D.D.C. 2000) (citing Shaw v. Dep't of State, 559 F. Supp. 1053,

1057 (D.D.C. 1983)); see also Judicial Watch v. Rossotti, 285 F. Supp. 2d 17, 26 (D.D.C. 2003)

("Perfection is not the standard by which the reasonableness of a FOIA search is measured.").

The Court of Appeals has stressed that it would be "unreasonable to expect even the most

exhaustive search to uncover every file."  Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir.

1986).  Therefore, in examining the adequacy of the agency's search, the court must not address

"whether there might exist additional documents possibly responsive to a request, but rather

whether the search for those documents was adequate."  Steinberg, 23 F.3d at 551 (citing

Weisberg, 745 F.2d at 1485).

        As fully described in the declaration of Kathy J. Lyerly, the Secret Service conducted a

search of its Master Central Index (MCI) using plaintiff's name, social security number, and date

of birth as search terms and no responsive records were found.  Lyerly Decl. ¶¶ 9-11.  The MCI

system is a central on-line computer system used by all Secret Service field offices, resident

offices, resident agencies, protective divisions, and headquarters divisions for myriad

applications.  Lyerly Decl. ¶ 10.  The MCI is a recordkeeping system of information for case

subjects of record in investigative, protective, and administrative files maintained by the Secret

Service.  Id.  In addition to the component's FOIA and Privacy Act Office's search of the MCI,

the Investigative Support Division also performed an MCI search and did not locate any records.

Id. ¶¶ 8-12.

        As no responsive records were located by any of the offices, the Secret Service did not

withhold any responsive records.  See 5 U.S.C. § 552(a)(4)(B) (providing jurisdiction only to

"enjoin the agency from withholding agency records and to order the production of any agency

records improperly withheld . . . "); Kissinger v. Reporters Comm. For Freedom of the Press,

445 U.S. 136, 150 (1980) ("Under 5 U.S.C. § 552(a)(4)(B)[,] federal jurisdiction is dependent

upon showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'"); see also

Voinche v. Fed. Bureau of Investigation, 412 F. Supp. 2d 60, 66 (D.D.C. 2006) (granting

summary judgment to FBI where search of central records system for plaintiff's name was

"adequate to fulfill its obligations under FOIA"); Brunetti v. Fed. Bureau of Investigation, 357 F.

Supp. 2d 97, 103 (D.D.C. 2004) (finding an adequate search had been done where FBI

conducted a search that produced one responsive file); Edmonds v. Fed. Bureau of Investigation,

272 F. Supp. 2d 35, 58 (D.D.C. 2003) (holding that the FBI performed an adequate search for

responsive records where the affidavit detailed a search of its CRS system).  Therefore, the

Secret Service performed an adequate search and summary judgment should be granted on this

claim.

Likewise, as fully described in the declaration of Sandy Ford Page, PREP conducted a

search for hard copy files, electronic files, and email messages using plaintiff's name as a search

term and no responsive records were found.  Ford Page Decl. ¶ 8.  Specifically, PREP searched

the following offices within the Office of Operations Coordination: Administrative and Logistics

Support; Technology; Current Operations; Homeland Security Operations Center ("HSOC");

Incident Management Division; and the Operations Production Staff.  Id.  The following offices

within the Office of Intelligence and Analysis were searched: the Office of the Chief of Staff;

Collections and Requirements; Homeland Threat Analysis; Homeland Environment Threat

Analysis; Production Management; Plans and Integration Division; Homeland Infrastructure

Threat and Analysis Center (HITRAC); and the State and Local Fusion Center.  Id.  None of

these offices located responsive records.  Id.

The declaration provided by PREP plainly demonstrates that it performed an adequate search for records. All told thirteen offices were tasked (six offices within the Office of Operations Coordination, and seven offices within the Office of Information and Analysis) and searched all their hard copy, electronic, and email files using plaintiff's name as a search term. Ford Page Decl. ¶ 8. No responsive records were located in any of these searches. Id. Thus, PREP did not improperly withhold any records and summary judgment is also warranted on this claim. See Kissinger, 445 U.S. at 150.

### C. Plaintiff Failed to Perfect His FOIA Request To TSA

With respect to the FOIA request directed to TSA, TSA received plaintiff's amended FOIA request from the DHS Office of Departmental Disclosure on August 1, 2006. Janet Decl. ¶ 6. However, because of the breadth of the request and the insufficient information provided by plaintiff, through his attorney, the FOIA staff of TSA first attempted to contact plaintiff's attorney by telephone on August 4, 2006, seeking clarification of the FOIA request. Id. ¶ 8. A message was left with his office asking that he please contact TSA's FOIA Office. Id. A follow-up telephone phone call was made on August 10, 2006, and a voice message was left, again asking that plaintiff's attorney contact TSA in order to clarify the request so that it reasonably described the records being sought. Id. After receiving no response to the telephone messages, TSA staff contacted plaintiff's attorney on September 1, 2006, via email and reiterated that TSA could not process the FOIA request without further clarification of which records were being sought by plaintiff. Id. ¶ 9. Further, the email message stated that if TSA did not receive a response by September 7, 2006, it would assume plaintiff was no longer interested in pursuing his FOIA request with the agency. Id. When TSA did not receive a response by

11

September, 7, 2006, the FOIA request was administratively closed.  <u>Id.</u> ¶ 10.  By letter dated

September 7, 2006, TSA informed plaintiff that the FOIA request had been closed.  <u>Id.</u>

Under FOIA, an agency is required to process "any request for records which (i)

reasonably describes such records, and (ii) is made in accordance with published rules stating the

time, place, fees (if any), and procedures to be followed."  5 U.S.C. § 552(a)(3)(A).  DHS

regulations provide in pertinent part that when making a FOIA request, the requester must

describe the records [sought] in enough detail to enable Department personnel to locate them

with a reasonable amount of effort. 6. C.F.R. § 5.3(b).  The regulation further provides that

"whenever possible, [the FOIA] request should include specific information about each record

sought, such as the date, title or name, author, recipient, and subject matter of the record."  <u>Id.</u> "If

a component determines that [a requester's] request does not reasonably describe records, it shall

tell [the requester] either what additional information is needed or why your request is otherwise

insufficient."  <u>Id.</u>  That was done in this case. Janet Decl. ¶ 8.

As described in the declaration of Kevin Janet, it is crucial that TSA receive additional

information to help put the request in context because "[a]bsent any contextual information

about why the agency would maintain records on the requester, TSA's FOIA staff has no idea

where the records might be located and cannot even begin to search for them."  Janet Decl. ¶ 7.

TSA does not have a central index of records, so when it receives a FOIA request, it must

determine which headquarters or field office to task with searching for responsive records.  TSA

currently has 31 FOIA points of contact in headquarters offices, and 189 points of contact in the

field.  Janet Decl. ¶ 7.  When a request is made for records that may be part of a Privacy Act

system of records, the FOIA office must determine which system of records the document is

most likely a part of in order to know which office to task for the search.  <u>Id.</u>  In addition to the

systems of records that apply across the government to all agencies, TSA currently has seventeen of its own systems of records, plus three systems of records which were established by DHS and apply to all components.  See Id.

An agency's "obligation under FOIA begins only upon receipt of a valid request," Dale v. Internal Revenue Serv., 238 F. Supp. 2d 99, 103 (D.D.C. 2002), i.e., when it receives "any request for records which (i) reasonably describes such records, and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed."  5 U.S.C. § 552(a)(3)(A).  Under FOIA, a request "reasonably describes" records if "the agency is able to determine precisely what records are being requested."  Tax Analysts v. Internal Revenue Serv., 117 F.3d 607, 610 (D.C. Cir. 1997).  A description is sufficient if it enables a professional employee of the agency familiar with the subject area of the request to locate the record with a reasonable amount of effort.  Goland v. Central Intelligence Agency, 607 F.2d 339, 353 n. 88 (D.C. Cir. 1978).  Broad, sweeping requests lacking specificity are not sufficient.  Am. Fed. Of Gov't Employees v. Dep't of Commerce, 632 F. Supp. 1272, 1277 (D.D.C. 1986), aff'd, 907 F.2d 133 (D.C. Cir. 1990).

Courts repeatedly have found that "FOIA requests for all documents concerning a requester are too broad."  Dale, 238 F. Supp. 2d at 104; see Mason v. Calloway, 554 F.2d 129, 131 (4th Cir. 1977) (request for "all correspondence, documents, memoranda, tape recordings, notes, and any other material pertaining to the atrocities committed against plaintiffs, . . . including, but not limited to, the files of [various government offices] . . . typifies the lack of specificity that Congress sought to preclude in the requirement of 5 U.S.C. § 552(a)(3) that records sought be reasonably described"); Keese v. United States, 632 F. Supp. 85, 91 (S.D.Tex. 1985) ("Requests for all documents containing a requester's name are not reasonably specific as

13

required by the FOIA.").  "[T]he rationale for this rule is that FOIA was not intended to reduce

government agencies to full-time investigators on behalf of requesters."  <u>Assassination</u> <u>Archives</u>

<u>&</u> <u>Research</u> <u>Ctr.</u>, <u>Inc.</u> <u>v.</u> <u>CIA</u>, 720 F. Supp. 217, 219 (D.D.C. 1989), <u>aff'd</u>, 1990 WL 123924

(D.C. Cir. 1990).  Thus, an agency need not honor a request that requires "an unreasonably

burdensome search."  <u>Am.</u> <u>Fed.</u> <u>Of</u> <u>Gov't</u> <u>Employees</u>, 907 F.2d at 209 (<i>citing</i> <u>Goland</u>, 607 F.2d

at 353).  On its face, therefore, plaintiff's request failed to meet the requirements of FOIA and

TSA had no obligation to respond to it.

        This is particularly so where it is well established that "agencies are not required to

perform searches which are not compatible with their own document retrieval systems."  <u>Sonds</u>

<u>v.</u> <u>Huff</u>, 391 F. Supp. 2d 152, 160 (D.D.C. 2005) (<i>quoting</i> <u>Judicial</u> <u>Watch,</u> <u>Inc.</u> <u>v.</u> <u>Export-Import</u>

<u>Bank</u>, 108 F. Supp. 2d 19, 27 (D.D.C. 2000) (citation omitted)); <u>accord</u> <u>Assassination</u> <u>Archives</u>

<u>&</u> <u>Research</u> <u>Ctr.</u>, <u>Inc.</u>, 720 F. Supp. at 219.  TSA provided plaintiff several opportunities to cure

the deficiencies in his request, but plaintiff did not respond.  Janet Decl. ¶¶ 8-10.  Plaintiff's

unamended request, however, was not amenable to a search at TSA.  <u>See</u> <u>id.</u> ¶¶ 7-10; <u>see</u> <u>also</u>

<u>Sonds</u>, 391 F. Supp. 2d at 160 (granting summary judgment to agency because where "DEA's

files are indexed by names, dates of birth, and social security numbers, DEA reasonably

determined that plaintiff's requests for information about an arson, the apparent surveillance of

certain streets or neighborhoods, the Mercedes-Benz and Cadillac, and his additional two

requests of October 2, 2003, were either too vague for it to process or not amenable to a

search").  Suffice it to say, defendant has demonstrated that TSA fulfilled its FOIA obligations in

this case by attempting to obtain sufficient information to conduct a reasonable and adequate

search, which was thwarted by plaintiff's failure to respond to TSA's request for additional

information.  Accordingly, defendant should be granted summary judgment on plaintiff's FOIA claim directed to TSA.

## III.  CONCLUSION

For the reasons states herein, defendant respectfully requests that summary judgment be entered in his favor.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
CLAIRE WHITAKER, D.C. Bar # 354530
 Assistant United States Attorney
 United States Attorneys Office
 Civil Division
 555 4th Street, N.W., Room E-4204
 Washington, D.C. 20530
 (202) 514-7137

15

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JUAN CARLOS GINARTE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 1:06CV02075 (HHK)** |
| | ) |
| **MICHAEL CHERTOFF,** | ) |
| **Secretary of Homeland Security,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.  By letter dated June 5, 2006, plaintiff submitted a FOIA request to the

Department of Homeland Security ("DHS") requesting:

> [a]ll documents relating to me, Juan Carlos Ginarte (my address is listed on my
> attached Privacy Act Waiver), including, but not limited to, all documents in any files
> maintained with my name, all material in any format (e.g., electronic, video,
> audiovisual or otherwise), and any references to me, whether or not they appear in
> any file kept with his name.

R. 1 at ¶ 7; see also Papoi Decl. at Ex. A, ¶ 6.; Declaration of Kathy J. Lyerly, Special Agent in

Charge of the Capitol Hill and Interagency Liaison and FOIA/PA Officer, U.S. Secret Service,

DHS ("Lyerly Decl."), attached as Ex. B., ¶ 5.

2.  By letter dated June 15, 2006, the FOIA Office of DHS informed plaintiff that his

request had been assigned reference number DHS/OS/PO 06-684, and that it did not provide

sufficient information for the agency to conduct an adequate search.  Plaintiff was informed that

he had 60 days to provide additional information or his request would be administratively closed.

See Papoi Decl. ¶ 8.

3.  Plaintiff, through his attorney, sent a letter dated July 5, 2006, amending his

request and seeking all records relating to the plaintiff created from the Department's 2003 creation to the present, and in the possession of the following DHS components: Office of Intelligence and Analysis, Office of Operations Coordination, United States Secret Service ("Secret Service"), and the Transportation Security Administration ("TSA"). See Papoi Decl. ¶ 9.

4. Upon receipt of the amended request, the DHS FOIA Office referred the request to the named components. The referrals were accompanied by a transfer memorandum dated July, 10, 2006, instructing the components to process the request independently and respond directly to the plaintiff. See Papoi Decl. ¶ 10.

5. The DHS Office informed plaintiff of the transfer by letter dated July 10, 2006. See Id..

6. The Department of Homeland Security Preparedness Directorate ("PREP") handled the FOIA request made to the Office of Operations Coordination and the Office of Intelligence Analysis. See Declaration of Evelyn M. Ford Page, Director, Disclosure Office of DHS PREP ("Ford Page Decl."), attached as Ex. D, ¶ 4.

7. PREP received the July 10, 2006 transfer memorandum on July 12, 2006. See Ford Page Decl. ¶ 6.

8. Plaintiff was sent an acknowledgment letter dated July 18, 2006, by PREP notifying him that his request had been assigned tracking number PREP06PO13. See Id.

9. PREP tasked the following offices within the Office of Operations Coordination to search for responsive records: Administrative and Logistics Support; Technology; Current Operations; Homeland Security Operations Center (HSOC); Incident Management Division; and Operations Production Staff. In addition, the following offices within the Office of Intelligence

2

and Analysis were tasked:  Chief of Staff; Collections and Requirements; Homeland Threat Analysis; Homeland Environmental Threat Analysis; Production Management; Plans and Integration Division; Homeland Infrastructure Threat and Analysis Center (HITRAC); and the State and Local Fusion Center.  See Ford Page Decl. ¶ 8.

10.  Each component tasked by PREP searched all its hard copy files, electronic files, and email files using the plaintiff's name as a search term.  No responsive records were found in any of these searches.  See Ford Page Decl. ¶ 8.

11.  PREP informed plaintiff by letter dated August 31, 2006, that a thorough search had been conducted and no responsive records were found.  The letter informed plaintiff of his right to appeal this determination within 60 days.  See Ford Page Decl. ¶ 7.

12.  While plaintiff alleges that he appealed this no records response, DHS has no record of ever having received his appeal.  See Declaration of Megan Gemunder ("Gemunder Decl."), attached as Ex. E, ¶¶ 6, 7.

13.  The Secret Service received the July 10, 2006 transfer memorandum and plaintiff's FOIA request on July 17, 2006.  See Declaration of Kathy J. Lyerly, Special Agent in Charge of the Capitol Hill and Interagency Liaison and FOIA/PA Officer, U.S. Secret Service, DHS ("Lyerly Decl."), attached as Ex. B, Decl. ¶ 5.

14.  The Secret Service acknowledged receipt of plaintiff's FOIA request via letter dated August, 2, 2006.  See Lyerly Decl. ¶ 6.

15.  The Secret Service FOIA Office conducted a search of its Master Central Index (MCI) using the plaintiff's name, social security number, and date of birth as search terms.  See Lyerly Decl. ¶ 9.

16.  This search of the MCI produced no records.  See Lyerly Decl. ¶ 11.

17.  In addition, the Secret Service's Investigative Support Division (ISD) also conducted an MCI search for records concerning the plaintiff.  This search produced no responsive records.  <u>See</u> Lyerly Decl. ¶ 12.

18.  By letter dated November 20, 2006, plaintiff was informed that the Secret Service had not located any responsive records.  Plaintiff was further advised that he had the right to file an administrative appeal.  <u>See</u> Lyerly Decl. ¶ 8.

19.  Plaintiff never appealed the Secret Service's determination that no responsive records were located.  <u>See</u> <u>Id.</u>

20. TSA received the transfer memorandum and plaintiff's FOIA request on August 1, 2006.  <u>See</u> Declaration of Kevin Janet, FOIA Officer, TSA, DHS ("Janet Decl."), attached as Ex. C, ¶ 6.

21.  TSA acknowledged receipt of the request by letter dated August 2, 2006, and assigned the request identification number TSA06-0858.  <u>See</u> <u>Id.</u>

22.  TSA does not have a central index of records, so when it receives a FOIA request, it must determine which headquarters or field office to task with searching for responsive records.  TSA currently has 31 FOIA points of contact in headquarters offices, and 189 points of contact in the field.  When a request is made for records that may be part of a Privacy Act system of records, the FOIA office must determine which system of records the document is most likely a part of in order to know which office to task for the search.  In addition to the systems of records which apply across the government to all agencies, TSA currently has seventeen of its own systems of records, plus three systems of records which were established by DHS and apply to all components.  <u>See</u> Janet Decl. ¶ 7.

22.  The breadth of the FOIA request made TSA unable to process the request without further clarification.  <u>See</u> <u>Id.</u>

4

23.    August 4, 2006, TSA's FOIA office called plaintiff's attorney to request clarification. Plaintiff's attorney was unavailable so a message was left with this office asking that he contact TSA.  <u>See</u> Janet Decl. ¶ 8.

24.    A follow-up phone call was made to plaintiff's attorney on August 10, 2006.  Plaintiff's attorney was unavailable so a voice message was left, asking that he call the FOIA Office in order to clarify the request so that it reasonably described the documents being sought.  <u>See</u> <u>Id.</u>

25.    By electronic message dated September 1, 2006, the FOIA office contacted plaintiff's attorney and requested that he contact that office in order to clarify the request.  The message further stated that if no response was received by September 7, 2006, TSA would assume plaintiff was no longer interested in pursuing his FOIA request and it would be administratively closed.  <u>See</u> Janet Decl. ¶ 9.

26.    TSA received no response, so on September 7, 2006, plaintiff's request was administratively closed.  Plaintiff was informed of the closure by letter dated September 7, 2006. <u>See</u> Janet Decl. ¶ 10.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney


_____
CLAIRE WHITAKER, D.C. Bar # 354530
 Assistant United States Attorney
 United States Attorneys Office
 555 4th Street, N.W., Room E-4204
 Washington, D.C. 20530
 (202) 514-7137

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUAN CARLOS GINARTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:06CV02075 |
| | ) | |
| MICHAEL CHERTOFF, | ) | |
| SECRETARY OF HOMELAND SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF CATHERINE M. PAPOI**

I, Catherine M. Papoi, hereby declare and state as follows:

(1) I am the Deputy Chief Freedom of Information Act (FOIA) Officer and the Director of Departmental Disclosure for the Department of Homeland Security (DHS). I assumed this position in November 2006. From May 2006 through October 2006, I was the DHS Acting Director of Departmental Disclosure and from April 2005 through May 2005, I held the position of DHS Deputy Director of Departmental Disclosure.

(2) Before joining DHS, I was a FOIA Specialist at the National Institutes of Health from February 2003 through April 2005. Prior to joining the Federal Government, I worked in various private industry legal support positions while completing my Juris Doctor at the Michigan State University Law School.

(3) My current duties at DHS involve management of the FOIA/Privacy Act (PA) program for the entire Department. In addition to overseeing the Department's processing of FOIA/PA requests made pursuant to 5 U.S.C. §552 and 5 U.S.C. §552a, my office is responsible for processing FOIA/PA requests received by the following DHS

*Ex. A*

entities: the Office of the Secretary, the Executive Secretariat, the Office of the Undersecretary for Management, the Office of Policy, the Office of Legislative and Intergovernmental Affairs, the Office of Public Affairs, the Office of Counternarcotics Enforcement, the Ombudsman for Citizenship & Immigration Services, the Office of the Chief Privacy Officer, the Domestic Nuclear Detection Office, and the Federal Coordinator for Recovery and Rebuilding of the Gulf Coast Region.

(4) Due to the nature of my official duties, I am familiar with DHS's obligations under the FOIA and PA, and the procedures followed by DHS in responding to requests. I make this declaration on personal knowledge and on information I have received in the performance of my official duties.

(5) The purpose of this declaration is to set forth the chronology of correspondence relating to Plaintiff Juan Carlos Ginarte's FOIA request.

### Chronology of Correspondence

(6) By letter dated June 5, 2006, plaintiff Juan Carlos Ginarte submitted a FOIA/PA request (hereinafter "FOIA Request") for all documents relating to him, including, but not limited to, all documents in any files maintained with his name, all material in any format (e.g., electronic video, audiovisual, or otherwise), and any references to him, whether or not they appear in any file kept in his name. A copy of this request letter is appended to this declaration as Attachment A.

(7) My office received the Ginarte FOIA request on June 9, 2006. We reviewed the content of the plaintiff's FOIA request, and determined that, based on the limited information provided, an adequate search could not be conducted. The DHS FOIA/PA Regulations, 6 CFR Part 5 § 5.21(b) require that the requester describe the records sought

in enough detail to enable Department personnel to locate the system of records that may contain them with a reasonable amount of effort. Whenever possible, the request should describe the records sought, the time periods in which they are believed to be compiled, and the name or identifying number of each system of records in which they are believed to be kept.

(8) My office acknowledged the plaintiff's FOIA request by letter dated June 15, 2006. The letter advised plaintiff that (1) His request was assigned reference number DHS/OS/PO 06-684; (2) Based on the limited information provided, an adequate search could not be conducted; and (3) The plaintiff had 60 days to provide additional information to prevent the administrative closure of his request. A copy of this letter to the plaintiff is appended to this declaration as Attachment B.

(9) By letter from the plaintiff's attorney, Mr. Jonathan L. Katz, dated July 5, 2006, additional information was provided to supplement the plaintiff's FOIA/PA request. The amended request sought all records relating to the plaintiff created from the Department's 2003 creation date to the present in the possession of the following DHS components: (1) Office of Intelligence and Analysis; (2) Transportation Security Administration; (3) United States Secret Service; and (4) Office of Operations Coordination. In addition, we were advised that: (1) any further communications should be sent to the plaintiff's attorney, Mr. Jonathan L. Katz; and (2) the plaintiff agreed to pay up to $200.00 for search and duplication costs. A copy of the letter from plaintiff's attorney is appended as Attachment C.

(10) Upon receipt of the additional information, my office referred the plaintiff's request to the following DHS components: (1) Office of Intelligence and Analysis; (2)

Transportation Security Administration; (3) United States Secret Service; and (4) Office of Operations Coordination. Each component was instructed to process the request independently and respond directly to the plaintiff. We advised the plaintiff of this action via a letter to his attorney, Mr. Jonathan L. Katz. The transfer memorandum and letter to the plaintiff's attorney, both dated July 10, 2006, are at Attachment D.

(11)  Based on the referral actions, our office has completed action on the subject request. All further communications with the requester were sent directly from the above components.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Signed this ___20th___ day of February, 2007.

_____
CATHERINE M. PAPOI

FEB-21-2007  12:09        US SECRET SERVICE                     202 406 9685     P.06

# EXHIBIT A



**U.S. Department of Justice**

**Federal Bureau of Investigation**
**Washington, D.C. 20535**

## FOIA REQUEST FORM

**Requester's Name:** Juan Carlos Ginarte

**Address:** ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

**Phone Number (optional):** ▉▉▉▉▉▉▉▉

**Fax Number (optional):** _____

**E-Mail (optional):** jon@markskatz.com (counsel's e-mail address and phone number are listed herein)

**Subject:** All documents relating to me, Juan Carlos Ginarte (my address is listed on my attached Privacy Act Waiver), including, but not limited to, all documents in any files maintained with my name, all material in any format (e.g., electronic, video, audiovisual or otherwise), and any references to me, whether or not they appear in any file kept with his name.

In order to help to determine status to assess fees, select:

- ⦿ An individual seeking information for personal use
- ○ Affiliated with an educational or noncommercial institution, and this request is made for a scholarly purpose
- ○ Affiliated with a private corporation and seeking information for use in the company's business
- ○ A representative of the news media and this request is made part of news gathering and not for commercial use

Enter media name: _____

Select type of Media:
- ○ Newspaper
- ○ Magazine
- ○ Television Station
- ○ Other

**Purpose:** Please forward this material to my attorney Jonathan L. Katz, Marks & Katz, LLC, 1400 Spring Street, Suite 410, S. Spring, MD 20910, 301-495-4300.

**Enter maximum amount you are willing to pay:** $ 500.00

**Explanation for a request for a waiver of fees:** _____

**Additional Comments:** _____

*This form cannot be used for Privacy Act requests or requests for information about a third party.*



U.S. Department of Justice

Federal Bureau of Investigation
Washington, D.C. 20535

## Privacy Act Request

The following information is necessary in order to file a Freedom of Information-Privacy
Acts (FOIPA) request.

**Full Name:** Juan Carlos Ginarte

**Aliases used:** None

**Current Address:**

**Date of Birth:** ▮▮▮▮    **Place of Birth:** Havana, Cuba

**Daytime Telephone Number:** ▮▮▮▮

**Social Security Number (optional):** ▮▮▮▮

You may also wish to provide prior addresses, employments, etc., which you believe may
assist the FBI in locating the information you seek:

I waive my right to privacy for the Department of Homeland
Security to release any and all information relating to me to:
Jonathan L. Katz, 1400 Spring St., Suite 410, S. Spring, MD 20910

Under penalty of perjury; I hereby declare that I am the person named above and I
understand that any falsification of this statement is punishable under the provisions of Title 18,
United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment
of not more than five years, or both; and that requesting or obtaining any record(s) under false
pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor
and by a fine of not more than $5,000.

**Signature** *Juan C. Ginarte*        **Date** June 5, 2006

Please note that mail addressed to the FBI is delayed several weeks due to increased security
procedures now in place.

A Legible and original signature is required.



FEB-21-2007  12:13        US SECRET SERVICE                    202 406 9685    P.15

# EXHIBIT B



U.S. Department of Homeland Security
Arlington, Virginia 22202

**Homeland Security**

*Privacy Office DHS-D3*

June 15, 2006

Mr. Juan Carlos Ginarte
4000 Tunlaw Rd.
Apt. 325
Washington, D.C. 20007

Re: **DHS/OS/PO 06-684/Ginarte request**

Dear Mr. Ginarte:

This acknowledges receipt of your Privacy Act (PA) request to the Department of Homeland Security (DHS), dated June 5, 2006. You are seeking records relating to yourself.

Based on the limited information you have provided, we cannot conduct an adequate search. The Department of Homeland Security was created January 24, 2003; therefore, no DHS records exist prior to that date. Records created prior to the establishment of DHS by any of the component agencies of DHS would be maintained by those component agencies. Furthermore, DHS does not maintain a central index of records about individuals. For this reason, §5.21(b) of the DHS Privacy Act regulations, 6 C.F.R. Part 5, require that you describe the records you are seeking with as much information as possible to ensure that our search of appropriate systems of records can find them with a reasonable amount of effort. In addition to the information that you provided, this description should include, the type of record you are seeking, the DHS component agency you believe created and/or controls the records and the time period that you believe the records or files were created and compiled. If you can provide the additional information described in this paragraph, we will undertake a search for responsive records.

Please provide additional information describing the records you are seeking. If we do not hear from you within 60 days from the date of this letter, we will assume you are no longer interested in this FOIA/PA request and the case will be administratively closed. If you have any further questions regarding this matter, please refer to DHS/OS/PO 06-684/Ginarte request.

Sincerely,

*for* Catherine M. Papoi
Deputy Director, Departmental Disclosure & FOIA

# EXHIBIT C

**MARKS & KATZ, LLC**
**ATTORNEYS AT LAW**
1400 SPRING STREET
SUITE 410
SILVER SPRING, MARYLAND 20910
(301) 495-4300
FAX (301) 495-8815
justice@markskatz.com
www.markskatz.com

JAY S. MARKS (MD, IL)
JONATHAN L. KATZ (MD, DC, VA)

July 5, 2006

ATTN: Ms. Catherine Papoi
Deputy Director, Departmental
 Disclosure & FOIA
U.S. Dept. of Homeland Security
Privacy Office DHS-D3
Arlington, VA 22202

Re:  **DHS/OS/PO 06-684/Ginarte request**

Dear Ms. Papoi:

   This letter replies your enclosed June 15, 2006, reply to
my client Juan Carlos Ginarte's June 5, 2006, FOIA Request.

   This letter provides further specifics to my enclosed FOIA
Request - it supplements the enclosed request without replacing
it -- by stating the following:

   Pursuant to the Freedom of Information Act and all other
applicable laws, my client Juan Carlos Ginarte requests that the
Department of Homeland Security produce all documents (documents
includes, but is not limited to, all material in printed,
electronic, computerized, digitalized, audio and video format)
relating to him that are in the possession of or have been
created by the following components of the Department of
Homeland Security starting from the Department's 2003 creation
date: (1) Office of Intelligence and Analysis; (2)
Transportation Security Administration; (3) United States Secret
Service; and (4) Office of Operations Coordination.

   You have already been provided Mr. Ginarte's original
Privacy Act Request form, which is copied here. **As confirmed**
**below, please contact me directly with any further**
**communications on this matter.**

Up to $200 of lawfully-billed searching, copying and
mailing costs is pre-authorized to fulfill this request.

Very truly yours,

Jonathan L. Katz

PLEASE SEND ALL CORRESPONDENCE TO MY ATTORNEY
JONATHAN L. KATZ

Juan Carlos Ginarte
July 5, 2006



Federal Bureau of Investigation
Washington, D.C. 20535

**FOIA REQUEST FORM**

Requester's Name: Juan Carlos Ginarte

Address:

Phone Number (optional):

Fax Number (optional):

E-Mail (optional): jon@markskatz.com (counsel's e-mail address and phone number are listed herein)

Subject: All documents relating to me, Juan Carlos Ginarte (my address is listed on my attached Privacy Act Waiver), including, but not limited to, all documents in any files maintained with my name, all material in any format (e.g., electronic, video, audiovisual or otherwise), and any references to me, whether or not they appear in any file kept with his name.

In order to help to determine status to assess fees, select:
- ⊙ An individual seeking information for personal use
- ○ Affiliated with an educational or noncommercial institution, and this request is made for a scholarly purpose
- ○ Affiliated with a private corporation and seeking information for use in the company's business
- ○ A representative of the news media and this request is made part of news gathering and not for commercial use

Enter media name:

Select type of Media:
- ○ Newspaper
- ○ Magazine
- ○ Television Station
- ○ Other

Purpose: Please forward this material to my attorney Jonathan L. Katz, Marks & Katz, LLC, 1400 Spring Street, Suite 410, S. Spring, MD 20910; 301-495-4300.

Enter maximum amount you are willing to pay: $ 500.00

Explanation for a request for a waiver of fees:

Additional Comments:

This form cannot be used for Privacy Act requests or requests for information about a third party.



U.S. Department of Justice

Federal Bureau of Investigation
Washington, D.C. 20535

## Privacy Act Request

The following information is necessary in order to file a Freedom of Information-Privacy Acts (FOIPA) request.

Full Name: Juan Carlos Ginarte

Aliases used: None

Current Address: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Date of Birth: ▆▆▆▆▆▆▆    Place of Birth: Havana, Cuba

Daytime Telephone Number: ▆▆▆▆▆▆▆

Social Security Number (optional): ▆▆▆▆▆▆

You may also wish to provide prior addresses, employments, etc., which you believe may assist the FBI in locating the information you seek:

I waive my right to privacy for the Department of Homeland Security to release any and all information relating to me to: Jonathan L. Katz, 1400 Spring St., Suite 410, S. Spring, MD 20910

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.

Signature _____    Date June 5, 2006

Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place.

A Legible and original signature is required.





**EXHIBIT D**



U.S. Department of Homeland Security
Arlington, Virginia 22202

**Homeland Security**

*Privacy Office DHS-D3*

July 10, 2006

Mr. Jonathan L. Katz
Marks & Katz, LLC
Attorneys at Law
1400 Spring Street
Suite 410
Silver Spring, MD 20910

Re:  DHS/OS/PO 06-684/Ginarte request

Dear Mr. Katz:

This letter is in response to your July 5, 2006 letter to the Department of Homeland Security (DHS) concerning the referenced Privacy Act request of Mr. Juan Carlos Ginarte.  Your letter provided additional information required in order to continue the processing of Mr. Ginarte's request. Additionally, Mr. Ginarte has requested that all future correspondence regarding his request be addressed to your office.

Based on the information provided in your letter, I am forwarding Mr. Ginarte's request to the following DHS components for processing and direct response to you:

1.  Office of Intelligence and Analysis:  FOIA Officer, Sandy Ford Page, can be reached via e-mail at sandy.fordpage@dhs.gov.

2.  Director of Operations Coordination:  FOIA Officer, Sandy Ford Page, can be reached via e-mail at sandy.fordpage@dhs.gov.

3.  Transportation Security Administration:  FOIA Officer, Catrina Pavlik, can be reached via telephone at 571-227-2300 or in writing at the Office of Security, West Bldg, 11th Floor, 701 South 12th Street, Arlington, VA 22202-4220.

4.  United States Secret Service:  FOIA Officer, Latita Huff, can be reached via telephone at 202-406-5838 or in writing at 245 Murray Drive, Bldg. 410, Washington, DC 20223.

This constitutes the final action of this office.  If you have any questions regarding this response, you may contact the DHS Privacy Office at 571-227-3813.

Sincerely,

Catherine M. Papoi
Deputy Director, Departmental Disclosure & FOIA



**U.S. Department of Homeland Security**
Arlington, Virginia 22202

*Privacy Office DHS-D3*

July 10, 2006

MEMORANDUM FOR:  Lalita Huff, FOIA Officer, United States Secret Service
Catrina Pavlik, FOIA Officer, Transportation Security Administration
Sandy Ford Page, FOIA Officer, Office of Intelligence and Analysis
and Director for Operations Coordination

FROM:  Catherine M. Papoi
Acting Director, Departmental Disclosure & FOIA

SUBJECT:  DHS/OS/PO 06-684/Ginarte

Attached is a Privacy Act request received in the DHS FOIA/PA Office. The requester, Mr. Juan Carlos Ginarte, is seeking copies all documents relating to him that are in the possession of the Office of Intelligence and Analysis, Transportation Security Administration, United States Secret Service, and the Director for Operations Coordination. Additionally, the requester has asked that all future correspondence be mailed to his lawyer, Mr. Jonathan L. Katz.

I have determined that, if such documents exist, they would be under your purview. Please respond directly to Mr. Katz.

If you have any questions concerning this transfer, please call me at (571) 227-4135.

Attachments:
As Stated

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JUAN CARLOS GINARTE,                  )
                                      )
    . Plaintiff,              )          Case Number 1:06CV02075
                                      )
    v.                       )
                                      )
MICHAEL CHERTOFF,                     )          Judge Henry H. Kennedy
                                      )
    Defendant.               )

## DECLARATION OF KATHY J. LYERLY
## SPECIAL AGENT IN CHARGE, CAPITOL HILL
## AND INTERAGENCY LIAISON AND
## FREEDOM OF INFORMATION AND PRIVACY ACTS OFFICER,
## UNITED STATES SECRET SERVICE

I, Kathy J. Lyerly, hereby make the following declaration:

1.     I am the Special Agent in Charge of the Capitol Hill and Interagency Liaison and

Freedom of Information and Privacy Acts (FOI/PA) Officer, United States Secret Service

(hereinafter Secret Service), Department of Homeland Security (DHS) (formerly a bureau within

the Department of the Treasury). I have been assigned as the Secret Service FOI/PA Officer

since December 28, 2003, and have been employed with the Secret Service as a Special Agent

(GS-1811) since October 26, 1987.

2.     DHS regulations, title 6, Code of Federal Regulations, section 5.4, and Appendix

A, II(I)(3), vest authority in the FOI/PA Officer, Secret Service, to make initial determinations as

to whether to grant FOIA requests for Secret Service records (68 FR 4056, 4058, and 4069).

DHS regulations, title 6, Code of Federal Regulations, section 5.22, and Appendix A, II(I)(3) (68

FR 4056, 4065, and 4069) likewise vest authority in the FOI/PA Officer, Secret Service, to make

*Ex. B*

initial determinations as to whether to grant requests for access to Secret Service records made under the Privacy Act.

3.    As the Secret Service's FOI/PA Officer, I am familiar with plaintiff's FOIA and Privacy Act request to the Secret Service. Under my direction, the files of the Secret Service FOI/PA Office have been searched for all records pertinent to this litigation. The statements made in this declaration are based upon my personal knowledge, information made available to me in the performance of my official duties, and conclusions reached therewith.

4.    The purpose of this declaration is to provide a chronological description of the correspondence in this matter and describe the processing of plaintiff's information request.

### Chronology of Correspondence Pertaining to Plaintiff's FOIA Request

5.    By letter dated July 10, 2006, the Department of Homeland Security forwarded to the Secret Service the plaintiff's original Freedom of Information Act and Privacy Act request and follow up letters thereto. These documents included a letter dated July 5, 2006, which was addressed to the Department of Homeland Security, wherein counsel for plaintiff stated that the plaintiff was requesting "all documents relating to [plaintiff Juan Carlos Ginarte], including but not limited to, all documents in any files maintained with my name, all material in any format (e.g., electronic, video, audiovisual, or otherwise) and any references to [plaintiff], whether or not they appear in any file kept with his name" possessed by the Secret Service. The Secret Service received the July 10, 2006, letter on July 17, 2006. A copy of this letter with attachments is included in Exhibit A.

6.    By letter dated August 2, 2006, the Secret Service FOI/PA Officer acknowledged receipt of plaintiff's FOIA/Privacy Act request and advised plaintiff that a search for files responsive to the request was being conducted. A copy of this letter is attached as

Exhibit B.

7.      By letter dated July 21, 2006, and received by the Secret Service on

August 4, 2006, plaintiff's counsel forwarded to the Secret Service an additional copy of the

documentation regarding plaintiff's FOIA request already received by the Secret Service from the

Department of Homeland Security.  A copy of this letter (without attachments) is attached as

exhibit C.

8.      By letter dated November 20, 2006, the FOI/PA Officer responded to plaintiff,

through his attorney, that search was conducted by the Secret Service and no responsive records

were located. The November 20, 2006, letter also advised plaintiff that he had the right to file

an administrative appeal within 35 days by writing to the Deputy Director of the Secret Service

(who has the authority to decide administrative appeals on behalf of the Secret Service under the

FOIA/Privacy Act), and provided the address for such an appeal. Exhibit D; Title 31, Code of

Federal Regulations, Section 1.5(i); Title 31, Code of Federal Regulations, Part 1, Subpart A,

Appendix D(4); Title 31, Code of Federal Regulations, Part 1, Subpart C, Appendix D(4).

Plaintiff never appealed the determination that no responsive records were found.

### The Search for Responsive Records

9.      Pursuant to plaintiff's request, the FOI/PA Office conducted a search for

responsive information.  In order to conduct this search, the Secret Service FOI/PA Office first

conducted searches for plaintiff's name, social security number, and date of birth on the Secret

Service's Master Central Index (MCI).

10.     The MCI system is an on-line computer system used by all Secret Service field

offices, resident offices, resident agencies, protective divisions, and headquarters divisions for a

variety of applications.  The MCI provides a system of record keeping of information for cases

and subjects of record in investigative, protective, and administrative files maintained by the

Secret Service. Individuals on whom the Secret Service maintains records are indexed when

possible on MCI by name, social security number, and/or date of birth. Business or other entities

on which the Secret Service maintains information are indexed on MCI by business or entity

name.

      11.     The FOI/PA Office's MCI search for records concerning plaintiff produced no

records.

      12.     Pursuant to its standard practice, the FOI/PA Office also forwarded a request to

search for records concerning plaintiff to the Secret Service's Investigative Support Division

(ISD). The ISD also conducted an MCI search for records concerning plaintiff. This search

produced no records.

      I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge and belief.

_2/20/07_
Date

Kathy L. Lyerly
Special Agent in Charge,
Capitol Hill and Interagency Liaison and
Freedom of Information and Privacy Acts Officer
United States Secret Service

FEB-21-2007  12:09      US SECRET SERVICE                    202 406 9685    P.06

# EXHIBIT A

FEB-21-2007  12:10        US SECRET SERVICE                202 406 9685    P.07



U.S. Department of Homeland Security
Arlington, Virginia 22202

**Homeland Security**

*Privacy Office DHS-D5*

July 10, 2006

MEMORANDUM FOR: Latita Huff, FOIA Officer, United States Secret Service
Catrina Pavlik, FOIA Officer, Transportation Security Administration
Sandy Ford Page, FOIA Officer, Office of Intelligence and Analysis
and Director for Operations Coordination

FROM:                Catherine M. Papoi
Acting Director, Departmental Disclosure & FOIA

SUBJECT:            DHS/OS/PO 06-684/Ginarte

Attached is a Privacy Act request received in the DHS FOIA/PA Office. The requester, Mr. Juan
Carlos Ginarte, is seeking copies all documents relating to him that are in the possession of the
Office of Intelligence and Analysis, Transportation Security Administration, United States Secret
Service, and the Director for Operations Coordination. Additionally, the requester has asked that
all future correspondence be mailed to his lawyer, Mr. Jonathan L. Katz.

I have determined that, if such documents exist, they would be under your purview. Please
respond directly to Mr. Katz.

If you have any questions concerning this transfer, please call me at (571) 227-4135.

Attachments:
As Stated

U.S. Department of Homeland Security
Arlington, Virginia 22202



Homeland
Security

*Privacy Office DHS-DS*

July 10, 2006

Mr. Jonathan L. Katz
Marks & Katz, LLC
Attorneys at Law
1400 Spring Street
Suite 410
Silver Spring, MD 20910

Re: DHS/OS/PO 06-684/Ginarte request

Dear Mr. Katz:

This letter is in response to your July 5, 2006 letter to the Department of Homeland Security (DHS) concerning the referenced Privacy Act request of Mr. Juan Carlos Ginarte. Your letter provided additional information required in order to continue the processing of Mr. Ginarte's request. Additionally, Mr. Ginarte has requested that all future correspondence regarding his request be addressed to your office.

Based on the information provided in your letter, I am forwarding Mr. Ginarte's request to the following DHS components for processing and direct response to you:

1. Office of Intelligence and Analysis: FOIA Officer, Sandy Ford Page, can be reached via e-mail at sandy.fordpage@dhs.gov.

2. Director of Operations Coordination: FOIA Officer, Sandy Ford Page, can be reached via e-mail at sandy.fordpage@dhs.gov.

3. Transportation Security Administration: FOIA Officer, Catrina Pavlik, can be reached via telephone at 571-227-2300 or in writing at the Office of Security, West Bldg. 11th Floor, 701 South 12th Street, Arlington, VA 22202-4220.

4. United States Secret Service: FOIA Officer, Latita Huff, can be reached via telephone at 202-406-5838 or in writing at 245 Murray Drive, Bldg. 410, Washington, DC 20223.

This constitutes the final action of this office. If you have any questions regarding this response, you may contact the DHS Privacy Office at 571-227-3813.

Sincerely,

Catherine M. Papoi
Deputy Director, Departmental Disclosure & FOIA

FEB-21-2007 12:18    US SECRET SERVICE    202 406 9685    P.09

06-604

# MARKS & KATZ, LLC
## ATTORNEYS AT LAW
1400 SPRING STREET
SUITE 410
SILVER SPRING, MARYLAND 20910
(301) 495-4300
FAX (301) 495-8815
Justice@markskatz.com
www.markskatz.com

JAY S. MARKS (MD, IL)
JONATHAN L. KATZ (MD, DC, VA)

July 5, 2006

ATTN: Ms. Catherine Papoi
Deputy Director, Departmental
Disclosure & FOIA
U.S. Dept. of Homeland Security
Privacy Office DHS-D3
Arlington, VA 22202

Re: **DHS/OS/PO 06-684/Ginarte request**

Dear Ms. Papoi:

This letter replies your enclosed June 15, 2006, reply to my client Juan Carlos Ginarte's June 5, 2006, FOIA Request.

This letter provides further specifics to my enclosed FOIA Request — it supplements the enclosed request without replacing it -- by stating the following:

Pursuant to the Freedom of Information Act and all other applicable laws, my client Juan Carlos Ginarte requests that the Department of Homeland Security produce all documents (documents includes, but is not limited to, all material in printed, electronic, computerized, digitalized, audio and video format) relating to him that are in the possession of or have been created by the following components of the Department of Homeland Security starting from the Department's 2003 creation date: (1) Office of Intelligence and Analysis; (2) Transportation Security Administration; (3) United States Secret Service; and (4) Office of Operations Coordination.

You have already been provided Mr. Ginarte's original Privacy Act Request form, which is copied here. **As confirmed below, please contact me directly with any further communications on this matter.**

Up to $200 of lawfully-billed searching, copying and mailing costs is pre-authorized to fulfill this request.

Very truly yours,

Jonathan L. Katz

PLEASE SEND ALL CORRESPONDENCE TO MY ATTORNEY
JONATHAN L. KATZ

Juan Carlos Ginarte
July 5, 2006

FEB-21-2007  12:11    US SECRET SERVICE                    202 406 9685    P.11

U.S. Department of Justice

Federal Bureau of Investigation
Washington, D.C. 20535

## FOIA REQUEST FORM

**Requester's Name:** Juan Carlos Ginarte

**Address:** ████████████████████████████

**Phone Number (optional):** ████████

**Fax Number (optional):**

**E-Mail (optional):** jon@markskatz.com (counsel's e-mail address and phone number are listed herein)

**Subject:** All documents relating to me, Juan Carlos Ginarte (my address is listed on my attached Privacy Act Waiver), including, but not limited to, all documents in any files maintained with my name, all material in any format (e.g., electronic, video, audiovisual or otherwise), and any references to me, whether or not they appear in any file kept with his name.

In order to help to determine status to assess fees, select:
- ⦿ An individual seeking information for personal use
- ○ Affiliated with an educational or noncommercial institution, and this request is made for a scholarly purpose
- ○ Affiliated with a private corporation and seeking information for use in the company's business
- ○ A representative of the news media and this request is made part of news gathering and not for commercial use

Enter media name: _____

Select type of Media:
- ○ Newspaper
- ○ Magazine
- ○ Television Station
- ○ Other

**Purpose:** Please forward this material to my attorney Jonathan L. Katz, Marks & Katz, LLC, 1400 Spring Street, Suite 410, S. Spring, MD 20910, 301-495-4300.

**Enter maximum amount you are willing to pay:** $ 500.00

**Explanation for a request for a waiver of fees:**

**Additional Comments:**

This form cannot be used for Privacy Act requests or requests for information about a third party

FEB-21-2007  12:11        US SECRET SERVICE                    202 406 9685      P.12

U.S. Department of Justice

Federal Bureau of Investigation
Washington, D.C. 20535

### Privacy Act Request

The following information is necessary in order to file a Freedom of Information-Privacy Acts (FOIPA) request.

Full Name: Juan Carlos Ginarté

Aliases used: None

Current Address:

Date of Birth: ▮▮▮▮▮▮▮    Place of Birth: Havana, Cuba

Daytime Telephone Number: ▮▮▮▮▮▮▮

Social Security Number (optional): ▮▮▮▮▮

You may also wish to provide prior addresses, employments, etc., which you believe may assist the FBI in locating the information you seek:
I waive my right to privacy for the Department of Homeland Security to release any and all information relating to me to: Jonathan L. Katz, 1400 Spring St., Suite 410, S. Spring, MD 20910

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.) Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.

Signature _Juan C. Ginarté_    Date June 5, 2006

Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place.

A Legible and original signature is required.



U.S. Department of Homeland Security
Arlington, Virginia 22202

**Homeland Security**

*Privacy Office DHS-D3*

June 15, 2006

Mr. Juan Carlos Ginarte
4000 Tunlaw Rd.
Apt. 325
Washington, D.C. 20007

Re: DHS/OS/PO 06-684/Ginarte request

Dear Mr. Ginarte:

This acknowledges receipt of your Privacy Act (PA) request to the Department of Homeland Security (DHS), dated June 5, 2006. You are seeking records relating to yourself.

Based on the limited information you have provided, we cannot conduct an adequate search. The Department of Homeland Security was created January 24, 2003; therefore, no DHS records exist prior to that date. Records created prior to the establishment of DHS by any of the component agencies of DHS would be maintained by those component agencies. Furthermore, DHS does not maintain a central index of records about individuals. For this reason, §5.21(b) of the DHS Privacy Act regulations, 6 C.F.R. Part 5, require that you describe the records you are seeking with as much information as possible to ensure that our search of appropriate systems of records can find them with a reasonable amount of effort. In addition to the information that you provided, this description should include, the type of record you are seeking, the DHS component agency you believe created and/or controls the records and the time period that you believe the records or files were created and compiled. If you can provide the additional information described in this paragraph, we will undertake a search for responsive records.

Please provide additional information describing the records you are seeking. If we do not hear from you within 60 days from the date of this letter, we will assume you are no longer interested in this FOIA/PA request and the case will be administratively closed. If you have any further questions regarding this matter, please refer to DHS/OS/PO 06-684/Ginarte request.

Sincerely,

for  Catherine M. Papoi
Deputy Director, Departmental Disclosure & FOIA

# EXHIBIT B

FEB-21-2007  12:13    US SECRET SERVICE                      202 406 9685    P.16



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Jonathan L. Katz
Marks & Katz
Attorneys at Law
1400 Spring Street
Suite 410
Silver Spring, MD 20910

AUG 2  2006

File Number:  20060428

Dear Requester:

This letter is intended to acknowledge the receipt of your recent Freedom of Information/Privacy Acts request received by the United States Secret Service on July 17, 2006, for information pertaining to Juan Carlos Ginarte.

A search for files responsive to your request is being conducted. When the results of the search are known, you will be notified.

Please use the file number indicated above in all future correspondence with this office.

We solicit your cooperation and assure you that the search will be conducted as expeditiously as possible.

Sincerely,

Kathy J. Lyerly
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer

BCC:  Official File (177.060/177.070)
      Chron. File
      Subject File          **SUBJECT FILE**
KJLyerly/ss corrected for fms.doc  8/2/2006:\WD2KTMPT\ACKNOW.DOT

# EXHIBIT C

# MARKS & KATZ, LLC

## ATTORNEYS AT LAW

**1400 SPRING STREET**

**SUITE 410**

**SILVER SPRING, MARYLAND 20910**

**(301) 495-4300**

**FAX (301) 495-8815**

justice@markskatz.com

www.markskatz.com

JAY S. MARKS (MD, DC, IL)

JONATHAN L. KATZ (MD, DC, VA)          July 21, 2006          LÍNEA DIRECTA EN ESPAÑOL

(301) 578-4400

Ms. Latita Huff
FOIA Officer, United States Secret Service
245 Murray Drive, Bldg. 410
Washington, DC 20223

Re: **DEB/OS/FO 06-684/Ginarte request**

Dear Ms. Huff:

Enclosed please find the July 10, 2006, letter of Catherine Papoi of your office, as well as my original FOIA request and follow-up(s) thereto. I look forward to your reply to this request. Thank you.

Very truly yours,

Jonathan L. Katz

JLK/la

RECEIVED U.S. SECRET SERVICE
2006 AUG -4  A 12 41
FREEDOM OF INFORMATION/
PRIVACY ACTS OFFICE

*Let justice roll down like water and righteousness like a mighty stream.*

# EXHIBIT D

FEB-21-2007  12:14    US SECRET SERVICE                    202 406 9685    P.28



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Marks & Katz                                    NOV 20 2006
Attorneys at Law
1400 Spring Street
Suite 410
Silver Spring, MD 20910
Attn: Jonathan L. Katz

File Number: 20060423

Dear Requestor:

Reference is made to your Freedom of Information/Privacy Acts request originally received by the United States Secret Service on July 17, 2006, for information pertaining to Juan Carlos Girante.

A review of the Secret Service's systems of records indicated that there are no records or documents pertaining to your request in Secret Service files. Enclosed is a copy of your original request.

If you disagree with our determination, you have the right of administrative appeal within 35 days by writing to Freedom of Information Appeal, Deputy Director, U. S. Secret Service, 245 Murray Drive, Building 410, Washington, D.C. 20223. If you choose to file an administrative appeal, please explain the basis of your appeal and reference the case number listed above.

Sincerely,

Kathy J. Lyerly
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer

Enclosure: Copy of Original Request
BCC:  Official File (177.060/177.070)
      Chron. File
      Subject File    **SUBJECT FILE**

KJLyerly aa/ 11/20/2006
DOCUMENT2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUAN CARLOS GINARTE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06CV02075 |
| v. | ) | |
| | ) | |
| MICHAEL CHERTOFF, | ) | |
| SECRETARY OF HOMELAND SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF KEVIN J. JANET**

I, Kevin J. Janet, do hereby declare as follows:

1.      I am the Freedom of Information Act (FOIA) Officer for the
Transportation Security Administration (TSA) within the U.S. Department of Homeland
Security (DHS). I am responsible for processing all requests made to TSA under the
FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, for initiating searches for
records relevant to such requests, and for supervising the determination of what records
or portions thereof should be disclosed. I have held this position from February 18, 2007,
to the present.

2      From July 1, 2002, to February 17, 2007, I was an Attorney-Advisor in the
Information Law Section of TSA's Office of Chief Counsel. Within the Information Law
Section, I had primary responsibility for providing daily guidance to the FOIA Office
with respect to initial and administrative appeal determinations, as well as to advise and
provide guidance with respect to best agency FOIA and Privacy Act (FOIA/PA)
practices. In addition, I had primary responsibility for representing TSA in FOIA/PA



cases in which TSA was named as a defendant. I have advised numerous declarants in this regard as well as prepared draft declarations for their review.

3.    Prior to my employment with TSA, I served as an Attorney-Advisor for the Drug Enforcement Administration, U.S. Department of Justice, from May 1992, to June 2002, providing similar legal guidance to the FOIA/PA Operations Unit, Office of Administration.

4.    Due to the nature of my official duties, I am familiar with TSA's obligations under the FOIA and Privacy Act, including application of the various exemptions. The statements made in this declaration are based on my personal knowledge, information made available to me in the performance of my official duties, and conclusions reached in accordance therewith.

5.    The purpose of this declaration is to set forth the chronology of correspondence relating to plaintiff Juan Carlos Ginarte's FOIA request; to describe the efforts made to process the request and identify records responsive to plaintiff's FOIA request; and to identify the basis for TSA's decision to administratively close the request.

### Chronology of Administrative Action and Correspondence

6.    By letter dated July 10, 2006, the Department of Homeland Security forwarded to TSA the plaintiff's original FOIA request and follow-up letters thereto. These documents included a letter dated July 5, 2006, addressed to DHS, wherein counsel for plaintiff stated that plaintiff was requesting "all documents relating to [plaintiff] Juan Carlos Ginarte, including but not limited to, all documents in any files maintained with my name, all material in any format (e.g., electronic, visual, audiovisual, or otherwise) and any references to [plaintiff], whether or not they appear in any file kept with his

2

name" possessed by TSA. The TSA received plaintiff's letter on August 1, 2006. By letter dated August 2, 2006, TSA acknowledged its receipt of the FOIA Request and assigned it identification number TSA06-0858. A copy of TSA's acknowledgement letter is attached as Exhibit A.

     7. DHS regulations provide in pertinent part that, when making a FOIA request, the requester "must describe the records [sought] in enough detail to enable Department personnel to locate them with a reasonable amount of effort. Whenever possible, [the] request should include specific information about each record sought, such as the date, title or name, author, recipient, and subject matter of the record." 6 C.F.R. § 5.3. Unlike some other DHS components such as the Secret Service, TSA does not maintain a central index of all records stored and retrieved by name or other personal identifier. When TSA receives a request, the FOIA office must decide which of the 31 headquarters offices and 189 field offices with FOIA points of contact it will task to search for responsive records. When a request is made for information that may be contained in a Privacy Act system of records notices, TSA's FOIA office also must determine which system of records should be searched. In addition to the systems of records which apply to all government agencies, TSA currently has seventeen of its own Privacy Act systems of records. Further, DHS has three additional systems which apply to all components. Due to the breadth of possible locations for responsive records, and given the lack of a central index, it is of crucial importance to understand the nature of the request's context (i.e., why the requester believes that TSA may have records pertaining to him). Absent any contextual information about why the agency would maintain records on the requester, TSA's FOIA staff has no idea where the records might be located and cannot even begin to search for

them.

8.    On August 4, 2006, a member of TSA's FOIA staff called plaintiff's attorney to request clarification of the FOIA Request so that it complied with the requirement of DHS's FOIA regulation 6 C.F.R. § 5.3(b), which specifies that records must be described "in enough detail to enable Department personnel to locate them with a reasonable amount of effort." Plaintiff's FOIA request, seeking any records containing plaintiff's name anywhere in the agency since the creation of DHS in 2003, was so broad that it would be overly burdensome for the agency to search all files throughout the agency nationwide. In order for TSA to begin to search for responsive records, the FOIA request needed to be narrowed in scope and "include specific information about each record sought, such as the date, title or name, author, recipient, and subject matter of the record." Plaintiff's attorney was unavailable so a message was left with his secretary asking that he please contact TSA's FOIA office. A follow-up phone call was made to plaintiff's attorney on August 10, 2006. Plaintiff's attorney was again unavailable, so a voice message was left asking him to call the FOIA Office in order to clarify the request so that it reasonably described the records being sought.

9.    By electronic mail message dated September 1, 2006, another member of TSA's FOIA staff requested that plaintiff please contact the FOIA Office. The electronic message stated that if plaintiff's attorney did not respond by September 7, 2006, TSA would assume that the plaintiff was no longer interested in pursuing the FOIA request and it would be administratively closed. A copy of this electronic message is attached as Exhibit B.

10. It is TSA FOIA Office policy to make a reasonable effort to contact a

requester before administrative action is taken on a case. TSA received no response from plaintiff, so on September 7, 2006, in accordance with TSA policy, the FOIA request was administratively closed. By letter dated September 7, 2006, the FOIA Office informed plaintiff that since no response to the phone calls and electronic mail message had been received, the FOIA request had been closed. A copy of this final letter is attached as Exhibit C.

### Conclusion

11.     TSA fully complied with DHS FOIA Regulations, which not only require that requesters describe the records they seek in sufficient detail for an agency to reasonably search for responsive documents, but also provides that agencies will tell requesters what additional information is needed or why a request is otherwise insufficient. TSA made three attempts to contact plaintiff regarding the scope of this request, and specifically informed him in writing that, if he did not respond by September 7, 2006, the FOIA request would be closed. When no response was received from plaintiff, the FOIA request was closed in September 7, 2006.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of February 2007.


Kevin J. Janet
Freedom of Information Act Officer
Transportation Security Administration
Department of Homeland Security

5

# EXHIBIT A

U.S. Department of Homeland Security

Freedom of Information Act Office
and Privacy Act Division
Arlington, VA 22202

August 2, 2006

TSA06-0858



**Transportation
Security
Administration**

Mr. Jonathan L. Katz
Marks & Katz, LLC
Attorneys at Law
1400 Spring Street, Suite 4100
Silver Spring, MD 20910

Dear Mr. Katz:

This is to inform you that on August 1, 2006, the Transportation Security Administration (TSA)
Freedom of Information Act (FOIA) Office received your FOIA request dated June 5, 2006. Your
request has been given identification number TSA06-0858. Please cite this number in any further
inquiy about this request.

I must advise you that depending upon the category of requesters you fall in, fees may be charged
for searching for records sought at the respective clerical, professional, and/or managerial rates of
$4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy.
In accordance with 6 C.F.R. §5.3(c), if you make a FOIA request, it shall be a firm commitment
by you to pay all applicable fees charged under § 5.11 up to $25.00. The combined charges for
search and duplication must exceed $14.00 before we will charge you any fees. Many requests
do not require any fees; however, if fees exceed $25.00, we will notify you beforehand.

TSA uses a multi-track system to process request on a first in, first out basis. Simple requests
are able to be answered more quickly and will be placed on the fast track of our multi-track
processing. More complex requests generally require significant processing time. Although
TSA's goal is to respond with 20 business days of receipt of your request, the FOIA does permit
a 10-day extension of this time period. If your request involves a voluminous amount of records,
requires that we collect records from separate offices, or requires that we consult with another
agency, TSA is invoking the 10-day extension for your request.

If you would like to narrow the scope of your request, we may be able to respond more quickly.
Please contact us if you wish to narrow your request or arrange for an alternative time period to
complete the processing. We can be reached at the following toll free number (866) 364-2872.

Sincerely,

Catrina M. Pavlik
FOIA Officer
Freedom of Information Act Office
TSA Headquarters, TSA-20

www.tsa.gov

# EXHIBIT B

**Law, Ryan A. <TSA-FOIA>**

| | |
|---|---|
| **From:** | Law, Ryan A. <TSA-FOIA> |
| **Sent:** | Friday, September 01, 2006 3:18 PM |
| **To:** | 'jon@markskatz.com' |
| **Subject:** | FOIA Request TSA06-0858 |

Mr. Katz:

Ms. Quiana Lemons of the Transportation Security Administration (TSA) Freedom of Information Act (FOIA) office has been attempting to contact you to obtain additional information regarding your request for information on behalf of Mr. Juan Carlos Ginarte. As of this date you have not returned any of Ms. Lemon's calls.

Your request for information pertaining to Mr. Ginarte was referred to our office by the Department of Homeland Security. We have been attempting to get in contact with you to get clarification about the records you are seeking. Please note that the FOIA specifies only two requirements for an access request: It must "reasonably describe" the records sought and it must be made in accordance with the agency's published FOIA regulations. According to Department of Homeland Security FOIA and Privacy Act procedures (6 C.F.R. § 5.3) "your request should include specific information about each record sought, such as the date, title or name, author, recipient, and subject matter of the record." Simply asking for all records about an individual is insufficient. We ask that you provide additional information that would assist us in searching for records.

Please contact me at the number below or via email at ryan.law@dhs.gov. If I do not respond by Thursday 9/7/06, I will assume you are no longer interested in pursuing your request and your request will be administratively closed.

Please let me know if you have any questions.

Thank you,
*Ryan Law*
*FOIA / TSA*
Ryan.Law@dhs.gov
*Tel: 571.227.4058*

8/7/06
Called Mr. Katz
left Voice Message

8/10/06
Left Voice Message

9/1/2006

# EXHIBIT C

U.S. Department of Homeland Security

Freedom of Information Act Office
Arlington, VA 22202



**Transportation
Security
Administration**

SEP −7 2006

Mr. Jonathan Katz                                    **FOIA Case Number: TSA06-0858**
Marks & Katz, LLC
1400 Spring Street, Suite 410
Silver Spring, MD 20910

Dear Mr. Katz:

This letter is in regards to your Freedom of Information Act (FOIA) request dated July 5, 2006, which
was referred to the Transportation Security Administration by the Department of Homeland Security.
You have requested information on behalf of Mr. Juan Carlos Ginarte.

Ms. Quiana Lemons and Mr. Ryan Law of my staff have attempted to contact you via telephone and
email regarding your request and have left numerous messages with your secretary and on your
voicemail asking you to return their calls. Ms. Lemons has left messages on August 4th, 7th and 10th.
Mr. Law contacted you via email on September 1st and informed you that we required additional
information from you in order to process your request.

As of this date you have not responded to Ms. Lemon's messages or Mr. Law's email. Since you have
not responded, we assume you are no longer interested in obtaining the information you requested and
your request is considered withdrawn.

If you have any questions, please contact the FOIA office at (866) 364-2872.

Sincerely,

Catrina M. Pavlik
FOIA Officer
Freedom of Information Act Office

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUAN CARLOS GINARTE,       )
                           )
        Plaintiff,         )
                           )
            v.             )   Civil No.  1:06CV02075
                           )
                           )
MICHAEL CHERTOFF,          )
SECRETARY OF HOMELAND SECURTY,  )
                           )
        Defendant.         )
_____)

## DECLARATION OF EVELYN (SANDY) M. FORD PAGE

I, Evelyn (Sandy) M. Ford Page, hereby declare and state as follows:

1. I am the Director, Disclosure Office of the Department of Homeland Security (DHS) Preparedness Directorate (PREP) (formerly the Directorate for Information Analysis and Infrastructure Protection (IAIP)) and I was the Acting Disclosure Officer for both the Office of Operations Coordination (OPS) and the Office of Intelligence and Analysis (OIA) during the processing of this request. I have held the position as head of PREP's Disclosure Office since August 2004. I am responsible for operation of PREP Directorate's Freedom of Information Act/Privacy Act Program (FOIA/PA). In my official capacity, I have been involved in the processing of the plaintiff's FOIA request.

2. While at DHS, my duties have encompassed overall management of the Disclosure Office, which includes FOIA/PA programs, including responding to requests, consulting with DHS components and other agencies on such requests, and making release determinations on DHS/IAIP/PREP/OPS/OIA documents. I make this declaration on the basis of personal



knowledge and on information I have received in the performance of my official duties. If called upon to do so I could testify competently as to the contents of this declaration.

3. The purpose of this declaration is to set forth the chronology of correspondence relating to the plaintiff's FOIA request and to describe the searches conducted to identify records responsive to plaintiff's request.

***Correspondence Pertaining to Plaintiff's Privacy Act Request***

4. By letter dated July 10, 2006, Catherine Papoi, Deputy Director, Departmental Disclosure and FOIA transferred the request to specified components' FOIA Officers. I received the request in my capacity as the FOIA Disclosure Officer for PREP which handled the FOIA requests for OPS and OIA. A copy of that letter is attached to this declaration as Exhibit A. <u>See also</u> Declaration of Catherine Papoi, page 3, ¶ 10.

6. PREP logged in receipt of plaintiff's request on July 12, 2006, acknowledged it by letter dated July 18, 2006, and assigned it tracking number PREP06P013. A copy of this acknowledgment letter is attached to this declaration as Exhibit B.

7. By letter dated August 31, 2006, PREP informed plaintiff through his attorney that a thorough search was conducted by the Office of Operations Coordination (OPS) and the Office of Intelligence and Analysis (OIA) and found no records responsive to his request. That same letter informed plaintiff of his right to appeal this determination within 60 days. A copy of this letter is attached to this declaration as Exhibit C. PREP has no record that plaintiff ever appealed the determination that no responsive records were found.

**The Search for Responsive Documents**

8. The Office of Information Analysis (OIA) and the Office of Operations Coordination (OPS) are two separate components of DHS. For FOIA request PREP06P013, the following

offices were searched within OPS:  Administrative and Logistics Support, Technology, Current Operations, Homeland Security Operations Center (HSOC), Incident Management Division, and Operations Production Staff.  The following offices were searched within OIA:  Chief of Staff, Collections and Requirements, Homeland Threat Analysis, Homeland Environment Threat Analysis, Production Management, Plans and Integration Division, Homeland Infrastructure Threat and Analysis Center (HITRAC), and the State & Local Fusion Center.  In each component, a search of all hard copy files, electronic files and email messages was conducted using the plaintiff's name as a search term.  These searches produced no records pertaining to plaintiff.  Copies of the searches with no records responses indicated are attached to this declaration as Exhibit D and Exhibit E respectively.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the matters set forth in this Declaration are within my official purview and are correct and true to the best of my information, knowledge and belief.

Executed this 21st day of February 2007, in the City of Washington, District of Columbia.

Evelyn (Sands), M Ford/Page

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUAN CARLOS GINARTE,               )
                                   )
        Plaintiff,                 )
                                   )
            v.                     )  Civil No. 1:06CV02075
                                   )
MICHAEL CHERTOFF,                  )
SECRETARY OF HOMELAND SECURITY,    )
                                   )
        Defendant.                 )
_____    )

## DECLARATION OF MEGAN GEMUNDER

I, Megan Gemunder, do hereby declare as follows:

1)    I am currently an attorney advisor assigned to the Office of the Associate

General Counsel for General Law, Office of the General Counsel, Department of

Homeland Security (hereinafter, "the Department"). I assumed this position on

September 3, 2006. In my position, I work directly for the Deputy Associate General

Counsel for General Law, whose direct supervisor is the Associate General Counsel for

General Law.

2)    Pursuant to 6 C.F.R. § 5.9, if a Freedom of Information Act (FOIA)

requester is dissatisfied with the Department's response to his or her FOIA request, he or

she may appeal an adverse determination to the Associate General Counsel for General

Law. The appeal must be in writing, and be received by the Associate General Counsel

for General Law within 60 days of the date of the letter denying the FOIA request.

3)    From September 6, 2006, to February 11, 2007, as part of my duties, I

received and reviewed "legal mail" that was directed to the Office of the General

*Ex. E*

Counsel. This included appeals under FOIA. After reviewing the legal mail, I logged the pieces of mail into an electronic record in the computer system in our office, with information that included the name of the person or entity appealing an adverse determination.

4)    After logging FOIA appeals in our computer system, I transferred the appeals to the appropriate counsel to be addressed.

5)    In regard to the plaintiff's FOIA request, he sought documents from several DHS Components, including the Directorate for Preparedness (PREP). FOIA appeals involving PREP were handled by counsel at the Department's Privacy Office. Consequently, if the plaintiff filed an appeal to a FOIA determination involving PREP, it would have been my practice to forward the appeal to counsel at the Privacy Office.

6)    I searched the computer log for plaintiff's alleged appeal of the Department's FOIA determination using the plaintiff and the plaintiff's attorney's names as search terms and could not locate any FOIA appeal.

7)    Further, our office recently completed an inventory of the appeals in the office of the counsel assigned to the Department's Privacy Office and no appeal from the plaintiff was located.

8)    In conclusion, our office has no record of receiving a FOIA appeal from the plaintiff with regard to the allegations in the instant Complaint.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Signed this 20th day of February, 2007.

2

MEGAN GEMUNDER

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUAN CARLOS GINARTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2075 (HHK) |
| | ) | |
| MICHAEL CHERTOFF, SECRETARY OF | ) | |
| HOMELAND SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

<u>ORDER</u>

Upon consideration of defendant's motion to dismiss or alternatively for summary judgment, the opposition and reply thereto, and after a review of the entire record in this case, it is this _____ day of _____, 2007

ORDERED, that said motion be granted. Summary judgment is entered in defendant's favor for the reasons set forth in his memorandum of points and authorities attached to his motion for dismissal or summary judgment.

_____
UNITED STATES DISTRICT JUDGE