UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **JUAN CARLOS GINARTE** | * |
| Plaintiff | * Case No. 1:06CV02075 (HHK) |
| v. | * |
| **MICHAEL CHERTOFF, et al.** | * |
| Defendant. | * |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S "STATEMENT OF MATERIAL FACTS NOT IN DISPUTE"

Plaintiff responds as follows, *ad seriatim,* to Defendant's "Statement of Material Facts Not in Dispute."

1. Admitted.

2. Admitted that the June 15, 2006, letter from Ms. Papoi of the Department of Homeland Security ("DHS") was sent to Plaintiff's counsel. The remainder of this paragraph is taken out of context, and is, therefore, denied; the letter should be permitted to speak for itself.

3. Admitted that the July 5, 2006, letter of Plaintiff's counsel was sent to Ms. Papoi of DHS. Plaintiff disagrees with Defendant's characterization of said letter as amending Plaintiff's original FOIA request. Said July 5, 2006, letter speaks for itself.

4.   Denied. Except where otherwise stated herein, the reliability and believability of factual statements of DHS are seriously and materially contested and in dispute, and need to be tested discovery, even if the scope and means of discovery are limited by the Court. For instance, Defendant's recordkeeping and recordsearching is so inadequate, that the following has taken place: In its February 26, 2007, Motion for Dismissal and Summary Judgment, Defendant erroneously asserts (for the following reasons, the assertion is erroneous) that Plaintiff never filed an administrative appeal of the DHS's Directorate of Preparedness's (PERP's) FOIA response, and attaches a February 20, 2007, declaration (Exhibit E to Defendant's Motion) from a lawyer who joined the DHS only five months before, also claiming that no such administrative appeal ever was filed. However, lo and behold, twenty days later, another DHS lawyer *admits* that Plaintiff indeed did file such an administrative appeal. *See* Declaration of Howard Plofker (Attachment 1 to Notice of Defendant's Withdrawal of Exhaustion Argument), and Defendant's counsel does an about-face and withdraws all claims that Plaintiff has exhausted his administrative appellate remedies.

5.   Admitted.

6.   Denied. Except where otherwise stated herein, the reliability and believability of factual statements of DHS are

seriously and materially contested and in dispute, and need to be tested discovery, even if the scope and means of discovery are limited by the Court. Please see ¶ 4 herein for further grounds for challenging the reliability and believability of factual statements by the DHS related to this litigation.

    7.    Denied for the reasons stated in ¶ 6 herein.

    8.    Admitted.

    9.    Denied for the reasons stated in ¶ 6 herein.

    10.    Denied for the reasons stated in ¶ 6 herein.

    11.    Admitted that the August 31, 2006, letter was sent to Plaintiff's counsel. As to the remainder of this paragraph in Defendant's list of undisputed facts, the letter speaks for itself.

    12.    Denied, in that Defendant's Notice of Defendant's Withdrawal of Exhaustion Argument makes this a non-issue. Not only did Plaintiff file such an administrative appeal, but Plaintiff has exhausted his administrative remedies, in that the DHS failed to comply with the applicable time limit provisions of the Freedom of Information Act, at 5 U.S.C. § 552(a)(6)(A), which requires the DHS to determine within twenty business days after the receipt of a FOIA request whether to comply with such request and to immediately notify the requestor of such determination and the reasons therefor, and of the right of such

person to appeal to the head of the agency any adverse determination.  5 U.S.C. § 552(a)(6)(C)(i).

    13.   Denied for the reasons stated in ¶ 6 herein.

    14.   Admitted.

    15.   Denied for the reasons stated in ¶ 6 herein.

    16.   Denied for the reasons stated in ¶ 6 herein.

    17.   Denied for the reasons stated in ¶ 6 herein.

    18.   Admitted that the November 20, 2006, letter was sent to Plaintiff's counsel. As to the remainder of this paragraph in Defendant's list of undisputed facts, the letter speaks for itself.

    19.   Defendant's Notice of Defendant's Withdrawal of Exhaustion Argument makes this a non-issue. Moreover, Plaintiff has exhausted his administrative remedies, in that the DHS failed to comply with the applicable time limit provisions of the Freedom of Information Act, at 5 U.S.C. § 552(a)(6)(A), which requires the DHS to determine within twenty business days after the receipt of a FOIA request whether to comply with such request and to immediately notify the requestor of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination.  5 U.S.C. § 552(a)(6)(C)(i).

    20. Denied for the reasons stated in ¶ 6 herein.

    21.   Admitted.

22. (Responding to Defendants first of two paragraphs each numbered as ¶ 22). Denied for the reasons stated in ¶ 6 herein. Moreover, said claims are not found in DHS's FOIA regulations, 6 C.F.R. Part 5, nor is said information found on the DHS's FOIA webpage. See http://www.dhs.gov/xfoia/editorial_0579.shtm (DHS's FOIA information page) (last checked March 12, 2007).

22. (Responding to Defendants second of two paragraphs each numbered as ¶ 22). Denied for the reasons stated in ¶ 6 herein. Moreover, the remaining replying DHS components (Secret Service and PERP) made no claim that further clarification was needed for them to answer Plaintiff's FOIA request. Additionally, said claims are not found in DHS's FOIA regulations, 6 C.F.R. Part 5, nor is said information found on the DHS's FOIA webpage. See http://www.dhs.gov/xfoia/editorial_0579.shtm (DHS's FOIA information page) (last checked March 12, 2007).

23. Although Plaintiff admits that his counsel received at least two phone calls purporting to be from the TSA, Plaintiff's counsel, at the time the calls were made, had no way of knowing that the caller was an appropriate employee of the TSA, and nothing in the FOIA nor DHS FOIA regulations enable Defendant to try to clarify a FOIA request by phone or e-mail, versus snail mail. Snail mail is verifiable through a postmark and signature (ordinarily from a person in a position of authority, rather

than just an assistant to a person in authority), whereas the identity of phone callers and e-mailers can be masked and falsified.

24. Plaintiff answers the same way as in ¶ 24 herein.

25. Plaintiff answers the same way as in ¶ 24 herein. Moreover, because DHS's Ms. Papoi's July 10, 2006, letter says she is forwarding Plaintiff's FOIA request to TSA, among other DHS components, then any e-mail from September 1, 2006, falls well outside DHS's twenty business-day limit under the FOIA to respond to a FOIA request. 5 U.S.C. § 552(a)(6)(C)(i).

26. While Plaintiff admits that Plaintiff's counsel did not reply to the phone messages and one e-mail purportedly left by TSA, Plaintiff's counsel had no way of knowing that the caller was an appropriate employee of the TSA, and nothing in the FOIA nor DHS FOIA regulations enable Defendant to try to clarify a FOIA request by phone or e-mail, versus snail mail. Snail mail is verifiable through a postmark and signature (ordinarily from a person in a position of authority, rather than just an assistant to a person in authority), whereas the identity of phone callers and e-mailers can be masked and falsified.

```
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF COLUMBIA
```

| | |
|---|---|
| JUAN CARLOS GINARTE            * | |
|     Plaintiff                  * | Case No. 1:06CV02075 (HHK) |
| v.                             * | |
| MICHAEL CHERTOFF, et al.       * | |
|     Defendant.                 * | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT.

Plaintiff opposes Defendant's Motion to Dismiss or for Summary Judgment and states the following in support of this Opposition:

**ARGUMENT**

Plaintiff reincorporates by reference his foregoing response to Defendant's "Statement of Material Facts Not in Dispute."

    A. **Defendant is not entitled to summary judgment.**

For the following reasons, Defendant is not entitled to summary judgment. Among these reasons is that Defendant's summary judgment motion precedes the commencement and completion of discovery, and, thus, is premature.

1

Here, it is necessary that "summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 n.5 (1986); Fed. R. Civ. P. 56(f).

Discovery is permitted in FOIA lawsuits – and Plaintiff's good faith need for discovery is illustrated below – and has been permitted in such suits. *Weisberg v. Dept. of Justice*, 627 F.2d 365, 367 (D.C. Cir. 1980) ("[w]e reversed, however, finding material disputed facts regarding the existence of relevant but unreleased records, and holding that Weisberg was entitled to further discovery").

Plaintiff disputes the reliability, accuracy, and credibility of Defendant's witnesses whose declarations are attached to Defendant's Motion to Dismiss or for Summary Judgment, who make sweeping statements about the systems, procedures and policies used by DHS in responding to FOIA requests. Plaintiff challenges whether each such declarant, alone, is a suitable affiant for Defendant's motion – concerning the processing of Plaintiff's FOIA request, without sufficient factual nor documentary substantiation.

For instance, Defendant's Exhibit D –- the Declaration of Evelyn Page –- on her barely-legible signature page –- appears to refer to search efforts by other persons, without identifying

2

those other persons by name, job position, relevant training background, nor experience level with relevant work involving searching for and disseminating information sought by FOIA requests.

Additionally, recordkeeping and recordsearching of this newest of cabinet-level agencies (created in 2003), is so inadequate, that the following has taken place: In its February 26, 2007, Motion for Dismissal and Summary Judgment, Defendant erroneously asserts (for the following reasons, the assertion is erroneous) that Plaintiff never filed an administrative appeal of the DHS's Directorate of Preparedness's (PERP's) FOIA response, and attaches a February 20, 2007, declaration (Exhibit E to Defendant's Motion) from a lawyer who joined the DHS only five months before, also claiming that no such administrative appeal ever was filed. However, lo and behold, twenty days later, another DHS lawyer *admits* that Plaintiff indeed did file such an administrative appeal. *See* Declaration of Howard Plofker (Attachment 1 to Notice of Defendant's Withdrawal of Exhaustion Argument), and Defendant's counsel does an about-face and withdraws all claims that Plaintiff has exhausted his administrative appellate remedies.

Defendant's Exhibit B is the declaration of Kathy Lyerly. Although she speaks of a search for Defendant on the MCI system, she does not say whether the MCI system is DHS's only

3

information system that gathers information on people. Moreover, Ms. Lyerly's declaration confirms that the MCI may not be DHS's only system for gathering and organizing information about people: "The MCI system is . . . used . . . for a variety of applications" (as opposed to the MCI being used for all DHS applications). Consequently, the Secret Service's sole reliance on the MCI system in responding to Plaintiff's FOIA request is inadequate to fulfill the FOIA, without sufficient information confirming the extent to which the MCI is adequate for FOIA purposes and the extent to which the MCI program was run correctly in this instance.

While Plaintiff admits that Plaintiff's counsel did not reply to the phone messages and one e-mail purportedly left by TSA, Plaintiff's counsel had no way of knowing that the caller was an appropriate employee of the TSA, and nothing in the FOIA nor DHS FOIA regulations enable Defendant to try to clarify a FOIA request by phone or e-mail, versus snail mail. Snail mail is verifiable through a postmark and signature (ordinarily from a person in a position of authority, rather than just an assistant to a person in authority), whereas the identity of phone callers and e-mailers can be masked and falsified. Moreover, nothing in the FOIA or DHS's FOIA regulations authorize Defendant to respond to FOIA requests by voice mail and e-mail.

4

In fact, seeing that the July 10, 2006, letter from Ms. Papoi of the DHS (Deputy Director, Departmental Disclosure & FOIA), says she is forwarding Plaintiff's FOIA request to four DHS components, the TSA's September letter to Plaintiff's counsel arrived well beyond the twenty business days permitted after an agency's receipt of a FOIA request to decide whether to comply with such request and to immediately notify the requestor of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination.  5 U.S.C. § 552(a)(6)(C)(i).

B. **Defendants' Statement of Material Facts is Insufficient for Obtaining Summary Judgment**.

Defendants' Statement of Material Facts, by itself, is insufficient for obtaining summary judgment, in part because Plaintiff has sufficiently controverted and disputed numerous of Defendant's alleged material facts, in Plaintiff's foregoing detailed response thereto. *See, e.g.,* Fed. R. Civ. P. 56(d) (governing treatment of facts allegedly not in genuine dispute, for summary judgment proceedings).

C. **Plaintiff's Naming of DHS Secretary Chertoff in his Official Capacity Is Sufficient to Overcome Dismissal.**

Defendant's footnote 1's makes misplaced arguments to seek a dismissal of the Complaint for naming Michael Chertoff,

5

Secretary of Homeland Security, as the Defendant rather than the Homeland Security Department as a defendant. The FOIA does not put litigants on fair notice to deviate from the common and ordinarily accepted practice in suing federal agencies, to name the agency head as the defendant in his or her formal capacity. Such a designation puts the agency on fair notice of the lawsuit, and suffices as a sufficient plain statement of the allegations under the notice pleading system involved in the Federal Rules of Civil Procedure. Moreover, in the *Whittle v. Moschella* case cited by Defendant (756 F. Sup. 589), the trial court did not dismiss the FOIA lawsuit, but only dismissed the individual agency heads where their agencies already were listed on the Complaint. The spirit of the FOIA is not to dismiss (rather than permitting an amendment to the caption to the agency name, for instance) a FOIA complaint over such a trifling matter. In fact, eleven years after the foregoing *Whittle* federal trial court case was decided, the Supreme Court issued its opinion in *Swierkiewicz v. Sorema* N.A., 534 U.S. 506 (2002), which shows that a complaint must contain only a short and plain statement of the claim showing that the pleader is entitled to relief. *Swierkiewicz v. Sorema* N.A., 534 U.S. at 508; Fed. R. Civ. P. 8(a)(2).

    D.    **Plaintiff has exhausted his administrative appellate avenues**.

Based on Defendant's withdrawal today of its claims of no administrative exhaustion, pages 6-11 of Defendant's Motion are moot.

**E.   Plaintiff made a sufficient FOIA request to TSA, which failed to substantively respond.**

For the foregoing reasons, TSA failed to timely and substantively respond (and never did substantively respond) to Plaintiff's FOIA request. TSA's decision to call and e-mail Plaintiff's counsel – rather than sending a letter to clarify the legitimacy and source of the request (e.g., to assure Plaintiff that it was not someone masquerading as someone in authority at the TSA), should be at TSA's own peril.

**CONCLUSION**

Wherefore, for the foregoing reasons, summary judgment should be denied, and discovery should be permitted to proceed.

> Respectfully submitted,
>
> MARKS & KATZ, L.L.C.
>
>
> __/s/ Jonathan L. Katz_____
>
> Jonathan L. Katz
> DC Bar No. 425-615
> 1400 Spring St., Suite 410
> Silver Spring, MD 20910
> (301) 495-4300
> Fax: (301) 495-8815
> Attorneys for Plaintiff

7

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing Opposition was served by the CM/ECF filing system on March 12, 2007, to:

Claire M. Whitaker  
UNITED STATES ATTORNEY'S OFFICE  
555 4th Street, NW  
Suite E-4204  
Washington, DC 20816  
(202) 514-7137  
Fax: (202) 514-8780  
Email: claire.whitaker@usdoj.gov

                              ___/s/ Jonathan L. Katz_____  
                                  Jonathan L. Katz