**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| JUAN CARLOS GINARTE, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 1:06CV02075 (HHK) |
|  | ) | |
| MICHAEL CHERTOFF, | ) | |
| Secretary of Homeland Security, | ) | |
|  | ) | |
| Defendant. | ) | |
|  | ) | |

REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I. Preliminary Statement

Defendant herewith responds to plaintiff's opposition to defendant's motion for summary judgment in this Freedom of Information Act ("FOIA") case. In his opposition, plaintiff argues that the motion is nonspecific and premature, and that he is entitled to discovery. However, he fails to satisfy even the minimum requirement of Fed. R. Civ. P. 56(f) for seeking discovery in this matter. Moreover, although plaintiff provides the Court with a statement addressing defendant's statement of material facts not in dispute, he fails to cite any authority on which he relies on in disputing defendant's statements of material fact, as required by Local Rule LCvR 7.1. Accordingly, defendant urges the Court to grant defendant's motion based on plaintiff failure to carry his burden under Fed. R. Civ. P. 56 and Local Rule LCvR 7.1. Should the Court excuse plaintiff from these obligations, defendant provides the following argument in reply to plaintiff's opposition.

II. Discussion

In his opposition, plaintiff attacks defendants' supporting declarations as making "sweeping statements about the systems, procedures and policies used by DHS [Department of Homeland Security] in responding to FOIA requests." See Plaintiff's Opposition ("Pl. Opp.") at 2-3. Plaintiff perceives inadequacies in defendant's search for records, and complains that the declarants are unreliable and have no firsthand knowledge of the process. Id. However, as defendant has adequately established that the agency components responding to his request performed a reasonable search for responsive records, the statutory requirements have been met.

Defendant's motion for summary judgment is supported by detailed declarations. In the declarations, defendant describes the records systems maintained by the components from which plaintiff sought records and the searches that were conducted. The sworn declarations are to be "'accorded a presumption of good faith,'" Carney v. Dept. of Justice, 19 F.3d 807, 812 (2d Cir. 1994), cert. denied, 513 U.S. 823 (1994) (*quoting* SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991) at 1200). Each of these declarations are briefly discussed below.

Exhibit A, the Declaration of Catherine M. Papoi, Deputy Chief FOIA Office and Director of Departmental Disclosure for the DHS, explains that plaintiff's request for records from the Office of Intelligence and Analysis (formerly "OIA" but now referred to as "I&A"), Transportation Security Administration ("TSA"), United States Secret Service ("Secret Service"), and Office of Operations Coordination ("OPS"), were sent to the OIA, TSA, Secret Service and OPS for response. See Exhibit A to Def. Mot. for Sum.Jt, at ¶ 9. Each of these components was instructed to process the request independently and respond directly to plaintiff. Id. at ¶ 10.

Exhibit B is the Declaration of Kathy J. Lyerly, Special Agent in Charge, Secret Service Capitol Hill and Interagency Liaison and FOIA Officer. In this declaration, Ms. Lyerly describes the steps taken by the Secret Service to process plaintiff's request. She explains the method of the search for records, i.e., that the Secret Service FOI/PA Office conducted a search for plaintiff's name, social security number, and date of birth, by using the Secret Service's Master Central Index ("MCI"). Exhibit B at ¶ 9. The MCI is the Secret Service's on-line computer system "used by all Secret Service field offices, resident offices, resident agencies, protective divisions, and headquarters divisions for a variety of applications." Id. at ¶ 10. As Ms. Lyerly further explains, the MCI "provides a system of record keeping of information for cases and subjects of record in investigative, protective, and administrative files maintained by the Secret Service. Individuals on whom the Secret Service maintains records are indexed when possible on MCI by name, social security number, and/or date of birth." Id. Clearly, this description of the recordkeeping system of the Secret Service is adequate. Nevertheless, plaintiff's argues that the Secret Service's search of the MCI was too narrow; that Ms. Lyerly "does not say whether the MCI system is DHS's only information system that gathers information on people." Pl. Opp. at 3-4. Plaintiff is correct in his assumption that the MCI is not the only "DHS" information system, but the Secret Service did not have an obligation to search every DHS system. It only had a responsibility to search the records under its control where it reasonably thought responsive records would be found. The search was reasonable under the circumstances of this case. That is all that is required by defendant. See Miller v. Dept. of State, 779 F.2d 1378, 1383 (8th Cir. 1985) citing National Cable Television Association v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973, see also Nation Magazine v. U.S. Customs Serv., 71 F.3d 885,

892 n.7 (D.C. Cir. 1995); Nation Magazine, 71 F.3d at 892 n.7; Maynard v. CIA, 982 F.2d 546, 564 (1st Cir. 1993); Truitt v. Dept. of State, 897 F.2d 540, 542 (D.C. Cir. 1990); Steinberg v. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). The fact that no documents were found does not negate the reasonableness of the search.[1]

Exhibit C is the Declaration of Kevin J. Janet, FOIA Officer for the TSA. As Mr. Janet explained, TSA attempted to narrow the search for responsive records by attempting to contact plaintiff concerning the records sought as TSA does not maintain a central file of all records. Indeed, as Mr. Janet explained, TSA maintains files in 31 headquarters offices and 189 field offices with FOIA points of contact. Exhibit C at ¶ 7. Because plaintiff failed to respond to TSA's inquiries, including telephone calls and an email directly to plaintiff's counsel, under TSA FOIA policy, the request was administratively closed. Id. at ¶¶ 8-10. Plaintiff admits that he did not reply to the phone messages and the e-mail message, but avers that he had "no way of knowing that the caller was an appropriate employee of the TSA, and nothing in the FOIA nor DHS FOIA regulations enable [TSA] to try to clarify a FOIA request by phone or e-mail, versus snail mail." See Plaintiff's Statement in Response to Defendant's Statement of Material Fact #26. He further asserts that "[s]nail mail is verifiable through a postmark and signature (ordinarily from a person in a position of authority, rather than just an assistant to a person in authority), whereas the identity of phone callers and e-mailers can be masked and falsified." Id. Defendant submits that these assumptions do not excuse plaintiff from attempting to cooperate

---

[1] In any event, as explained in defendant's opening brief, as plaintiff failed to exhaust his administrative remedies with regard to the Secret Service's response to his FOIA request, dismissal of this claim is appropriate. See R. 6 at p. 3 and Exhibit B, thereto.

4

with the component to narrow his request. Accordingly, TSA was justified under the circumstances in closing the request administratively. Id. at ¶ 11.

Exhibit D to defendant's dispositive motion is the Declaration of Ms. Evelyn (Sandy) M. Ford Page, Director Disclosure Office of, PREP, and former Acting Disclosure Officer for both the OPS and I&A from January-August 2006. Exhibit D at ¶ 1. Because this declaration was illegible in part and because defendant determined that some information contained therein should be further clarified, defendant has provided a Supplemental Declaration of Evelyn (Sandy) M. Ford Page, which enhances Exhibit D. It is attached to this reply as Exhibit 1. As Ms. Page explains in her Supplemental Declaration, plaintiff's request for records from OPS and I&A were properly processed. The OPS component consists of the following six offices: Administrative and Logistics Support, Technology, Current Operations, Homeland Security Operations Center ("HSOC"), Incident Management Division, and Operations Production Staff. Id. at ¶ 7. The OIA is made up of the following eight offices: Chief of Staff; Collections and Requirements; Homeland Threat Analysis; Homeland Environment Threat Analysis; Production Management; Plans and Integration Division; Homeland Infrastructure Threat and Analysis Center (HITRAC); and, the State and Local Fusion Center. Id. All of the offices in the two DHS components, OPS and OIA which were specifically named in plaintiff's complaint, searched all hard copy, electronic, and email messages using the plaintiff's name and social security number as search terms. Id. There are no additional offices within the specified components or records within these offices to be searched. Id.

The final declaration in support of defendant's dispositive motion is that of Megan Gemunder, an attorney in the Office of the Associate General Counsel for General Law, Office

of the General Counsel, DHS. Exhibit E to Def.Mot.Sum.Jt. In this declaration, Ms. Gemunder stated that no administrative appeal had been filed with regard to plaintiff's request to OPS and I&A which was handled by PREP. This later proved to be incorrect, and plaintiff complains now that the declarations are all unreliable. Pl.Opp. at 2. However, Ms. Gemunder limited her search for an appeal to a computer log. Exhibit E at ¶ 6. As defendant has subsequently explained in the Declaration of Howard Plofker, an attorney advisor assigned to the information law section of TSA's Office of Chief Counsel [see Defendant's Withdrawal of TSA Exhaustion Defense] found the request for appeal letter on February 26, 2007, when reviewing another matter. Plofker Decl. at ¶ 4. The appeal was not logged into the computer system until February 28, 2007. Id. at ¶ 6.[2]

If an agency demonstrates that it has conducted a reasonably thorough search, the FOIA requester can rebut the agency's affidavit only by showing that the agency's search was not made in good faith. Miller, 779 F.2d at 1383. An agency's affidavit is "accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.' " Safecard Servs., 926 F.2d at 1200 (quoting Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C.Cir.1981)). Defendant has shown through its declarations "a good faith effort [has been made] to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."

---

[2] The fact that Exhibit D is executed by someone who presumably did not perform the search but relied on others whose names or identifying information and experience level are not provided is not dispositive as plaintiff urges. See Pl. Opp. at 2-3. There is no need for the agency to supply affidavits from each individual who participated in the actual search Hronek v. Drug Enforcement Agency, 16 F. Supp. 2d 1260 (D. Or. 1998), aff'd, 7 Fed. Appx. 591 (9th Cir. 2001).

Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see also SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991). Miller, 779 F.2d at 1383. That is all that is required under the law and it is insufficient for a requester to attempt to rebut agency affidavits with purely speculative claims as plaintiff has attempted to do here. See Carney, 19 F.3d at 813; SafeCard, 926 at 1200; Maynard v. CIA, 986 F.2d 547, 559-560 (1st Cir. 1993).

Finally, plaintiff attempts through bare speculation to argue that he is entitled to discovery. This argument fails as a matter of law. As a general matter, the Court has broad discretion in deciding discovery issues. See Fed. R. Civ. P. 26(c); see, e.g., Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974); Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Gallella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973). Moreover, discovery is extremely restricted in a FOIA action. See Public Citizen Health Research Group v. FDA, 997 F.Supp. 56, 72 (D.D.C. 1998); aff'd in part, reversed in part, 185 F.3d 898 (D.C. Cir. 1999); Katzman v. Freeh, 926 F.Supp. 316, 319 (E.D.N.Y. 1996). Discovery should be denied if the Court is satisfied from the agency's affidavits that no factual disputes remain. Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978), vacated in part, reh'g denied, 607 F.2d 367 (D.C. Cir. 1979). As plaintiff has not properly supported a request for discovery, to the extent that he requests it here, defendant urges the Court to deny his request.

## III.  Conclusion

For the reasons set forth herein and in defendant's motion for summary judgment, defendant respectfully requests that his motion for summary judgment be granted.

                    Respectfully submitted,

                    /s/
                    JEFFREY A. TAYLOR , D.C. Bar # 498610
                    United States Attorney

                    /s/
                    RUDOLPH CONTRERAS, D.C. # 434122
                    Assistant United States Attorney

                    /s/
                    CLAIRE WHITAKER, D.C. # 354530
                    Assistant United States Attorney

Of Counsel:
Sarah Tauber
Katherine White
Attorney-Advisors
Office of Chief Counsel
Transportation Security Administration

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUAN CARLOS GINARTE, )
)
Plaintiff, )
)
v. ) Civil No. 1:06CV02075
)
)
MICHAEL CHERTOFF, )
SECRETARY OF HOMELAND SECURTY, )
)
Defendant. )

**SUPPLEMENTAL DECLARATION OF EVELYN (SANDY) M. FORD PAGE**

I, Evelyn (Sandy) M. Ford Page, hereby declare and state as follows:

1. This has been executed to clarify what efforts were made by DHS to locate in two of its components, the Office of Operations Coordination and the Office of Intelligence and Analysis, which were identified by plaintiff in his FOIA/PA request that is at issue in this litigation and to provide a more legible copy of the information in my original declaration concerning the timeline of events and search for responsive records. I am the Director, Disclosure Office of the Department of Homeland Security (DHS) Directorate for Preparedness (PREP) (formerly the Directorate for Information Analysis and Infrastructure Protection (IAIP)) and I was the Acting Disclosure Officer for both the Office of Operations Coordination (OPS) and the Office of Intelligence and Analysis (formerly OIA but now known as I&A), which are not part of the Directorate for Preparedness, during the processing of this request. I held the position as the Acting Disclosure Officer for OPS and I&A from January - August 2006 and was responsible for operation of both Directorates' Freedom of Information Act/Privacy Act

Programs (FOIA/PA). In my official capacity, I have been involved in the processing of the plaintiff's FOIA/Privacy request.

2. While at DHS, my duties have encompassed overall management of the PREP Disclosure Office, and for the period of January-August 2006, management of the Disclosure Offices for OPS and I&A, which includes FOIA/PA programs, including responding to requests, consulting with DHS components and other agencies on such requests, and making release determinations on DHS/IAIP/PREP/OPS/ I&A documents. I make this declaration on the basis of personal knowledge and on information I have received in the performance of my official duties. If called upon to do so I could testify competently as to the contents of this declaration.

3. The purpose of this declaration is to set forth the chronology of correspondence relating to the plaintiff's FOIA/Privacy request and to describe the searches conducted to identify records responsive to plaintiff's request.

***Correspondence Pertaining to Plaintiff's Privacy Act Request***

4. By letter dated July 10, 2006, Catherine Papoi, Deputy Director, Departmental Disclosure and FOIA transferred the request to specified components' FOIA Officers. I received the request in my capacity as the Acting FOIA Disclosure Officer for OPS and I&A. A copy of that letter is attached to this declaration as Exhibit A. See also Declaration of Catherine Papoi, page 3, ¶ 10.

5. Receipt of plaintiff's request was logged in on July 12, 2006, acknowledged by letter dated July 18, 2006, and assigned tracking number PREP06P013. A copy of this acknowledgment letter is attached to this declaration as Exhibit B.

6. By letter dated August 31, 2006, OPS and I&A informed plaintiff through his attorney that a thorough search was conducted by the Office of Operations Coordination (OPS)

and the Office of Intelligence and Analysis (I&A) and found no records responsive to his request. That same letter informed plaintiff of his right to appeal this determination within 60 days. A copy of this letter is attached to this declaration as Exhibit C.

**The Search for Responsive Documents**

7. The Office of Information Analysis (I&A) and the Office of Operations Coordination (OPS) are two separate components of DHS. For FOIA/Privacy request PREP06P013, an exhaustive search of all of the offices within OPS and I&A was conducted. Specifically, the following six (6) elements, which comprised the whole of OPS, were searched: Administrative and Logistics Support, Technology, Current Operations, Homeland Security Operations Center (HSOC), Incident Management Division, and Operations Production Staff. The following eight (8) elements, which comprised the whole of I&A, were searched: Chief of Staff, Collections and Requirements, Homeland Threat Analysis, Homeland Environment Threat Analysis, Production Management, Plans and Integration Division, Homeland Infrastructure Threat and Analysis Center (HITRAC), and the State & Local Fusion Center. In each organization, a search of all hard copy files, electronic files and email messages was conducted using both the plaintiff's name and social security number as a search term. These searches produced no records pertaining to plaintiff. There are no additional offices or records within OPS and I&A which have not been searched for records responsive to plaintiff's request. Copies of the searches with no records responses indicated are attached to this declaration as Exhibit D and Exhibit E respectively.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the matters set forth in this Declaration are within my official purview and are correct and true to the best of my information, knowledge and belief.

Executed this 29th day of March 2007, in the City of Washington, District of Columbia.

*Evelyn (Sandy) Ford Page*
Evelyn (Sandy) M Ford Page