```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF COLUMBIA
```

| | |
|---|---|
| **JUAN CARLOS GINARTE** | * |
| | * |
| Plaintiff | * Case No. 1:06CV02075 (HHK) |
| | * |
| v. | * |
| | * |
| **MICHAEL CHERTOFF, et al.** | * |
| | * |
| Defendant. | * |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE REPLY

Plaintiff respectfully opposes Defendant's March 22 Motion for Extension of Time to file a Reply to Plaintiff's Opposition to Defendant's Summary Judgment Motion. The Court granted said motion the next day without Plaintiff's first having a chance to file an opposition. Defendant's Motion for Extension of Time was not consented to by Plaintiff.

One of the grounds in Defendant's Motion for Extension of Time is to add new information, which, by Defendant's admission, it has done so with its exhibit attached to its Reply Motion. However, it is improper for a Reply Motion to contain new information and new arguments (rather than arguments responding only to the opposition motion, because that leaves Plaintiff unable to file a reply thereto, absent the Court's leave to file a surreply. Courts, generally, should not entertain new arguments first raised in a reply brief. *See Herbert v. Nat'l*

1

*Acad. of Sciences*, 974 F.2d 192, 196 (D.C. Cir. 1992); *Golden Pacific Bancorp v. Clarke*, 32 837 F.2d 509, 513 (D.C. Cir. 1988).

Furthermore, it is startling that Defendant continues with its baseless claim of lack of administrative exhaustion as to the Secret Service. *See* Defendant's Reply at p.4 n.1. As Plaintiff responded in his Response To Defendant's "Statement Of Material Facts Not In Dispute: "Plaintiff has exhausted his administrative remedies [as to the Secret Service], in that the DHS failed to comply with the applicable time limit provisions of the Freedom of Information Act, at 5 U.S.C. § 552(a)(6)(A), which requires the DHS to determine within twenty business days after the receipt of a FOIA request whether to comply with such request and to immediately notify the requestor of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination.  5 U.S.C. § 552(a)(6)(C)(i)."

It is also startling that Defendant claims that Plaintiff "fails to cite any authority on which he relies on in disputing defendant's statements of material fact, as required by Local Rule LCvR 7.1." *See* Defendant's Reply at 1. *First,* said LCvR 7.1 has nothing to do with this case, because LCvR 7.1 deals with disclosure of corporate affiliations and financial arrests. *Second,* LCvR 7(h) provides that an "opposition to such a motion

2

[for summary judgment] shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." *See* Plaintiff's Response to Defendant's Statement of Material Facts Not in Dispute.

   WHEREFORE, Plaintiff respectfully opposes an extension of time for Defendant to file a reply motion.

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that a copy of the foregoing Opposition was served by the CM/ECF filing system on March 29, 2007, to:

Claire M. Whitaker
UNITED STATES ATTORNEY'S OFFICE
555 4th Street, NW
Suite E-4204
Washington, DC 20816
(202) 514-7137
Fax: (202) 514-8780
Email: claire.whitaker@usdoj.gov

                    ___/s/ Jonathan L. Katz_____
                       Jonathan L. Katz