UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN CARLOS GINARTE,<br><br>                  Plaintiff,<br><br>    v.<br><br>MICHAEL CHERTOFF,<br><br>                  Defendant. | Civil Action 06-02075 (HHK) |

**MEMORANDUM OPINION**

Juan Carlos Ginarte brings this action, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, alleging that the Department of Homeland Security ("DHS")[1] failed to properly respond to his FOIA request. Before the court is DHS's motion to dismiss or, in the alternative, for summary judgment [#6]. Upon consideration of the motion, the opposition thereto, and the summary-judgment record, the court concludes that the motion must be granted.

---

[1] Ginarte challenges DHS's assertion that the appropriate party defendant in a FOIA suit is the agency a plaintiff believes possesses the records he seeks rather than the head of the agency. DHS is correct. *See* 5 U.S.C. §§ 552 (a)(4)(B); *Stone v. Def. Investigative Serv.,* 816 F.Supp. 782, 785 (D.D.C. 1993) ("This Court's jurisdiction to enforce the FOIA is limited to enjoining agency noncompliance. Therefore, plaintiff may not assert a FOIA claim against individual federal officials.") (citation omitted); *Whittle v. Moschella,* 756 F. Supp. 589, 596 (D.D.C. 1991). Although Ginarte's failure to identify the proper defendant to this action provides a basis for dismissing it, the court will consider the merits of the parties' arguments in support of and in opposition to DHS's motion.

## I. BACKGROUND

On June 6, 2006, Ginarte submitted a FOIA request to DHS seeking:

> [a]ll documents relating to me, Juan Carlos Ginarte (my address is listed on my attached Privacy Act Waiver), including but not limited to, all documents in any files maintained with my name, all material in any format (e.g., electronic, video, audiovisual or otherwise), and any references to me, whether or not they appear in any file kept with [my] name.

Def.'s Stmt of Mat. Facts Not in Disp. ¶ 1.

Determining that an adequate search could not be done given the limited information provided and the breadth of Ginarte's request, DHS sought clarification of the request. In response to the request for clarification, Ginarte modified his request by limiting it to the time period from DHS's inception in 2003 through the present and to four DHS components, Office of Intelligence and Analysis ("Office of Intelligence"), Transportation Security Administration ("TSA"), United States Secret Service ("Secret Service"), and Office of Operations Coordination ("Office of Operations "). After receiving Ginarte's response, DHS forwarded his modified request to the DHS components that he identified.

Searches by DHS's Directorate of Preparedness ("Directorate"), the DHS office assigned to respond to Ginarte's request that was forwarded to the Office of Intelligence and the Office of Operations, and by the Secret Service failed to uncover any records responsive to the request. For its part, TSA determined that further clarification of Ginarte's request was necessary and attempted to contact him several times, through his attorney, in an effort to obtain the clarification it needed to perform an adequate search. When several attempts to contact Ginarte's attorney by telephone and electronic mail were unsuccessful, TSA closed its files on the request.

Unsatisfied with the responses to his FOIA request, Ginarte filed this suit.

## II. ANALYSIS

DHS moves to dismiss or, in the alternative, for summary judgment,[2] arguing that it responded properly and in compliance with its statutory obligations when it received Ginarte's FOIA request. With respect to the request forwarded to the Office of Intelligence, the Office of Operations, and the Secret Service, DHS contends that after appropriate and reasonable searches no responsive records were found. With respect to the request forwarded to TSA, DHS contends that this court is without subject matter jurisdiction because Ginarte did not exhaust his administrative remedies, an inevitable consequence of his failure to present TSA with a valid request.

Ginarte does not meet DHS's arguments directly. Instead, he takes issue with certain of the assertions in the statement of material facts not in dispute regarding the declarations that accompany DHS's motion. As to some, he contests their "reliability" and "believability," and asserts a need for discovery. Without discovery, Ginarte argues, DHS's motion is "premature." Pl.'s Opp'n to Def.'s Mot. to Dismiss or for Summ. J. at 1 ("Pl.'s Opp'n"). With respect to

---

[2] Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In a FOIA action, when an agency seeks summary judgment an agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact with regard to the agency's compliance with FOIA. *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

DHS's argument that a valid FOIA request was never presented to TSA, Ginarte contends that the way in which TSA attempted to contact his attorney for further clarification, by telephone and e-mail, was inappropriate and unauthorized.

DHS's motion is well taken and Ginarte's arguments in opposition to the motion are without merit. The arguments raised in support of and in opposition to the motion will be addressed in turn.

**A.      Discovery**

In a FOIA action, discovery is generally inappropriate. *Judicial Watch Inc. v. Export-Import Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000); *see also Allen v. U.S. Secret Service*, 335 F. Supp. 2d 95, 100 (D.D.C. 2004); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."); *Pub. Citizen Health Research Group v. FDA*, 997 F. Supp. 56, 72 (D.D.C. 1998) ("Discovery is to be sparingly granted in FOIA actions.") *aff'd in part, rev'd in part & remanded*, 185 F.3d 898 (D.C. Cir. 1999). An agency's affidavits are accorded a presumption of good faith and limited discovery is allowed only when there exists a material conflict in the affidavits or there is evidence of some wrong doing, such as illegal destruction of documents. *Citizens for Responsibility and Ethics in Washington v. Nat'l Indian Gaming Comm'n*, 467 F. Supp. 2d 40, 56 (D.D.C. 2006).

Ginarte's assertions impugning the declarations filed in support of DHS's motion are not persuasive. He simply announces that there is reason to question their "reliability" and "believability" and proclaims that the following circumstances warrant an adverse inference regarding their adequacy:

> In its February 26, 2007, Motion for Dismissal and Summary Judgment, Defendant erroneously asserts (for the following reasons, the assertion is erroneous) that Plaintiff never filed an administrative appeal of the DHS's Directorate of Preparedness's (PERP's) [sic] FOIA response, and attaches a February 20, 2007, declaration (Exhibit E to Defendant's Motion) from a lawyer who joined the DHS only five months before, also claiming that no such administrative appeal ever was filed.  However, lo and behold, twenty days later, another DHS lawyer *admits* that Plaintiff indeed did file such an administrative appeal.  *See* Declaration of Howard Plofker (Attachment 1 to Notice of Defendant's Withdrawal of Exhaustion Argument), and Defendant's counsel does an about-face and withdraws all claims that Plaintiff has exhausted his administrative appellate remedies.

Pl.'s Resp. to Def.'s "Stmt. of Mat. Facts Not in Disp." ¶ 4.

The circumstances described by Ginarte do not raise a question regarding the good faith of DHS's declarations, do not show any conflict between them, and do not in any other way draw into question their adequacy.  At most, Ginarte shows that a mistake was made by DHS's lawyers during the course of defending this law suit which was timely corrected.  Ginarte has failed to demonstrate that he is entitled to discovery.

**B.     Adequacy of the Searches of the Request of the Office of Intelligence, the Office of Operations, and the Secret Service**

Having determined that Ginarte is not entitled to discovery, the court next addresses whether the declarations submitted in support of DHS's motion demonstrate that the searches in response to his request of the Office of Intelligence, the Office of Operations, and the Secret Service were "reasonably calculated to uncover all relevant documents."  *Valencia-Lucena v. U.S. Coast Guard,* 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)).

Evelyn Page, the Director of the office responsible for processing Ginarte's FOIA requests to the Office of Intelligence and the Office of Operations, states that "an exhaustive search of all the offices within [these components] was conducted." Supp. Decl. of Evelyn (Sandy) M. Ford Page ¶ 7. All hard copy files, electronic files and email messages were searched using both Ginarte's name and social security number as search terms. *Id*. No responsive records were found. *Id*.

Kathy J. Lyerly, the FOIA Officer for the Secret Service who directed its search for records responsive to Ginarte's request, certifies that the Secret Service searched its on-line computer system using Ginarte's name, social security number, and date of birth. As is standard practice, the Secret Service's FOIA Office also forwarded his request to its Investigative Support Division. No responsive records were found through either search. Decl. of Kathy J. Lyerly.

The court's review of these affidavits leads it to conclude that DHS conducted searches reasonably calculated to locate records responsive to Ginarte's request pertinent to the Office of Intelligence, the Office of Operations, and the Secret Service. Thus, DHS is entitled to summary judgment with respect to the adequacy of its search regarding Ginarte's request forwarded to these components.

**C.   Request of TSA**

Before filing a lawsuit under FOIA, a plaintiff generally must first exhaust her administrative remedies. 5 U.S.C. § 552(a)(6)(A)(i)-(ii); *Wilbur v. Cent. Intelligence Agency*, 355 F.3d 675, 677 (D.C. Cir. 2004); *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990). The first step toward fulfilling the exhaustion requirement is for a requester to make a valid request. *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002) ("An agency's obligations

commence upon receipt of a valid request; failure to file a perfected request therefore constitutes failure to exhaust administrative remedies."); *Judicial Watch, Inc. v. Rossetti*, 326 F.3d 1309, 1311-12 (D.C. Cir. 2003).  A valid or perfected request is a "request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed."  5 U.S.C. § 552(a)(3)(A).  In determining whether a records request is sufficiently detailed, "[t]he linchpin inquiry is whether 'the agency is able to determine precisely what records are being requested.'"  *Dale*, 238 F. Supp. 2d at 104 (citing *Tax Analysts v. IRS*, 117 F.3d 607, 610 (D.C. Cir. 1997) (quoting *Yeager v. DEA,* 678 F.2d 315, 326 (D.C. Cir. 1982))).  A description "[is] sufficient if it enable[s] a professional employee of the agency who [is] familiar with the subject area of the request to locate the record with a reasonable amount of effort."  *Marks v. United States,* 578 F.2d 261, 263 (9th Cir. 1978).  Broad, sweeping requests lacking specificity are not sufficient.  Until a proper FOIA request is received, an agency has no duty to search for responsive records.  *Judicial Watch, Inc.*, 326 F.3d at 1312; *Dale,* 238 F. Supp. 2d at 103*; Carbe v. Bureau of Alcohol, Tobacco and Firearms*, No. 03-1658, 2004 WL 2051359, *8 (D.D.C. Aug. 12, 2004).

 DHS argues that Ginarte's request of TSA for all records concerning himself was not a valid  FOIA request and, therefore, he did not take the first step required to exhaust his administrative remedies.[3]  DHS's position is well taken.  Ginarte's request is very similar to the

---

[3]  "[A]gencies are not required to maintain their records or perform searches which are not compatible with their own document retrieval systems." *Assassination Archives and Research Ctr. v. CIA*, 720 F. Supp 217, 219 (D.D.C. 1989) (citing *Blakey v. Dep't of Justice,* 549 F. Supp. 362, 366-67 (D.D.C. 1982), *aff'd* 720 F.2d 215 (D.C. Cir. 1983)).  In support of DHS's motion, TSA's FOIA Officer, Kevin Janet, submits an affidavit describing TSA's document storage and search capabilities.  Mr. Janet describes the lack of a central record index at TSA and states that "[a]bsent any contextual information about why the agency would maintain records on

7

FOIA request in *Dale* that this court found was insufficient. In *Dale*, the request was for "any and all documents, including but not limited to files, that refer or relate in any way to Billy Ray Dale." *Dale*, 238 F. Supp. 2d at 101. As in *Dale,* the request here "does not describe the records sought with 'reasonably sufficient detail' in light of both statutory guidance and case law." *Id*. at 104.

Ginarte only obliquely challenges DHS's assertion that he did not make a valid FOIA request. Rather, he challenges the way in which TSA sought to fulfill its obligation to communicate with him, through his attorney, regarding his request.[4] Ginarte contends that FOIA and its implementing regulations do not authorize agency officials charged with responding to FOIA requesters to use the telephone or e-mail to communicate with them about their requests. Therefore, according to Ginarte, "TSA's decision to call and e-mail Plaintiff's counsel – rather than sending a letter to clarify the legitimacy and source of the request (e.g., to assure Plaintiff that it was not someone masquerading as someone in authority at the TSA), should be at TSA's peril." Pl.'s Opp'n at 4.

Ginarte's arguments are entirely *ipsit dixit*. As DHS points out, neither FOIA itself nor DHS's own FOIA regulations require that postal mail be the exclusive means of communication between an agency and a requester. See 5 U.S.C. § 552; 6 C.F.R. § 5. Moreover, it is of at least some significance that the Chief FOIA Officers of the various executive agencies have been

---

the requester, TSA's FOIA staff has no idea where the records might be located and cannot even begin to search for them." Decl. of Kevin Janet ¶ 7. According to Janet, Ginarte's request did not comply with the level of specificity required by DHS's FOIA regulations and was "so broad that it would be overly burdensome for the agency to search all files throughout the agency nationwide." *Id.* ¶ 8.

[4] When a a FOIA requester makes a non-conforming request, the responding agency must "give [the requester] an opportunity to discus [his] request." 6 C.F.R. §5.3 (b).

ordered by the President to consider the use of telephones and the internet to communicate with requesters. Exec. Order No. 13,392, § 2(c)(vi), 70 Fed. Reg. 75,373 (Dec. 14, 2005).

Because Ginarte did not present a valid FOIA request to TSA, he did not exhaust his administrative remedies with respect to the request. Therefore, a FOIA action based on the request is foreclosed.

### III. CONCLUSION

For the foregoing reasons, the court concludes that DHS's motion for summary judgment must be granted. An appropriate order accompanies this memorandum.

Henry H. Kennedy, Jr.<br>
United States District Judge

Dated: October 15, 2007